**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 16, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60283
_____

RICHARD C. RAINWATER and ANNA D. RAINWATER,

                                        Plaintiffs-Appellants,

versus

LAMAR LIFE INSURANCE CO., CONSECO LIFE INSURANCE CO., THOMAS
STROO and JAMES PAYTON,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi

_____

Before HIGGINBOTHAM, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

     Plaintiffs-Appellants Richard and Anna Rainwater (the
"Rainwaters") appeal the district court's denial of their motion to
remand this action to Mississippi state court.  Specifically, the
Rainwaters bring this interlocutory appeal to contest the district
court's ruling that Defendants-Appellees Thomas Stroo and James
Payton, who are Mississippi residents, were "improperly" joined
because of the Rainwaters' inability to establish a cause of action
against them.  The district court's ruling was based on its
conclusion that any claims that the Rainwaters may have had against
Stroo and Payton were time-barred under the applicable Mississippi

statute of limitations.[1] The district court nevertheless certified its order pursuant to 28 U.S.C. § 1292(b) to allow the Rainwaters to pursue this interlocutory appeal on the question of fraudulent concealment, which the district court determined was a controlling question of law in this action. The district court's principal concern was that Mississippi state law on the fraudulent concealment doctrine was ambiguous or one where "there is substantial ground for difference of opinion."[2]

We granted permission to the Rainwaters to pursue this interlocutory appeal. On August 29, 2003, after the parties' appellate briefs were filed, however, we decided <u>Ross v. CitiFinancial, Inc.</u>[3] Our decision in <u>Ross</u> resolved any remaining doubts that the district court may have had about a substantial ground for a difference of opinion on the doctrine of fraudulent concealment. This does not, however, resolve the remand issue in this case.

While this interlocutory appeal was winding its way through our court, another Mississippi case involving removal and remand was being reheard en banc so that this court could consider whether cases removed from state court on grounds of diversity of citizenship under a claim then labeled "fraudulent" joinder must be

---

[1] <u>See</u> <u>Rainwater v. Lamar Life Ins. Co.</u>, 246 F. Supp. 2d 546, 552-53 (S.D. Miss. 2003).

[2] <u>Id.</u> at 553.

[3] 244 F.3d 458 (5th Cir. 2003).

2

remanded if the legal basis for determining that there is no reasonable probability for recovery against the in-state defendants would constitute a common defense that eschews any reasonable probability of recovery against all out-of-state defendants as well. The en banc opinion in that case, <u>Smallwood v. Illinois Central Railroad</u>,[4] was filed on September 10, 2004, and its holding casts a new and different doubt on the remand issue of the instant case.

Specifically, if the statute of limitations that we now know from the holding in <u>Ross</u> precludes any recovery by the Rainwaters against in-state defendants Stroo and Payton, also precludes recovery against all defendants, resident and diverse, then under <u>Smallwood</u> such a determination would go "to the entire case" rather than to the appropriateness of the joinder.[5] Thus it would follow under <u>Smallwood</u> that, if the statute of limitations in question does bar recovery against all defendants, the joinder of Stroo and Payton would not necessarily be "improper" and the entire case would have to be remanded to state court.

This case turns, therefore, on whether the limitations defense that disposes of all claims against in-state defendants in fact disposes of all claims against all defendants, as the principle of <u>Smallwood</u> is triggered only when all defendants are reached. Lamar

---

[4] 385 F.3d 568 (5th Cir. 2004).

[5] <u>Id.</u> at 574.

Life insists that, even assuming that the time bar in play in this case goes to the fraud-related claims against all defendants, this bar does not dispose of all claims against Lamar Life. This defendant reads the complaint as alleging additional violations of Mississippi law, viz., improperly setting interest rates and improperly charging particular fees, that are not necessarily disposed of by the limitations defense.

If plaintiffs' complaint were pellucid and Lamar Life's reading of it could be verified beyond cavil, the inclusion of such claims against Lamar Life would mean that the statute of limitations that disposes of all claims against the in-state defendants would not constitute a "common defense." That in turn would preclude remand under the rule of Smallwood. Unfortunately, however, we have considerable difficulty discerning the distinct theories of recovery advanced and causes of actions alleged in the plaintiff's complaint; and the parties have not fully clarified this question for us. Whether by design or inadvertence, the plaintiffs have nebulously drafted their complaint. Its only reference to improper fees is a description of the benefits realized by Lamar Life, as distinguished from its in-state agents, as a result of the alleged fraud.

Even though application of Smallwood's common defense rule is truly a question of law and thus an issue that we could dispose of on appeal, prudence dictates that, under these circumstances, the district court is likely better positioned to make that call in the

4

first place, given the benefit of its background knowledge of Mississippi law and its opportunity to hold hearings on those questions about the complaint that remain in doubt. We therefore remand this case to the district court for further consistent proceedings in light of both <u>Ross</u> and <u>Smallwood</u>. If that court should determine that the limitations defense in question is dispositive of <u>all</u> claims against <u>all</u> defendants, then <u>Smallwood</u> would require remand to state court (where, presumably, the entire case would be dismissed). If, however, the district court should determine that the time bar defense is not dispositive of every claim against every defendant, it should continue to deny remand and proceed with the proper disposition of the case. Under these circumstances, the interlocutory appeal that we previously granted under § 1292(b) must be dismissed and the case remanded to the district court for further proceedings consistent with this opinion.

APPEAL DISMISSED; CASE REMANDED with instructions.