Charles QUEEN,[1] Lillie Nichols,
Lisa Snyder and Edward
Tyler Plaintiffs

v.

AMERICAN GENERAL FINANCE, INC.; American General Corporation; Merit Life Insurance Company; Yosimite Insurance Company; Chris Weekly; Lynn Hicks; Troy Brooks; Marc Robinson; Unknown Defendants A—C Defendants

No. CIV.A.5:03–CV–57BRS.

United States District Court,
S.D. Mississippi,
Western Division.

Jan. 7, 2005.

Charles E. Griffin, Griffin & Associates, Emerson Barney Robinson, III, P. Ryan Beckett, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Thomas J. Wiegand, Winston & Strawn, Chicago, IL, for Defendants.

### MEMORANDUM OPINION

BRAMLETTE, District Judge.

This cause is before the Court on the plaintiffs' Motion to Reconsider [docket entry no. 114–1]. Having carefully considered the motion, responses, and briefs, as well as the applicable law, the Court finds as follows:

### FACTUAL AND PROCEDURAL HISTORY

The factual and procedural history of this case is as follows: The plaintiffs in this case are individuals who obtained loans from American General Finance, Inc. ("American General"). On December 26, 2002, they filed suit in the Circuit Court of Jefferson County, Mississippi, alleging breach of fiduciary duties, breach of contract, breach of implied covenants of good

---

1. Charles Queen was originally listed as a plaintiff in the caption of the plaintiffs' complaint, but is no longer a party to this suit. He was voluntarily dismissed on April 18, 2003.

faith and fair dealing, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, civil conspiracy, negligence, and unconscionability by the defendants. *See* Plaintiffs' Complaint attached as Exhibit E–1 to Defendants' Response in Opposition to Plaintiffs' Motion for Reconsideration. The plaintiffs named three corporate defendants (American General Finance, Inc., Merit Life and Yosimite) and four individuals identified as American General employees, all of whom, like the plaintiffs, are alleged to be residents of Mississippi. On September 30, 2003, the Court denied the plaintiffs' motion to remand and found that the in-state defendants were fraudulently joined.[2] On August 30, 2004, the Court denied the plaintiffs' motion to reconsider its September 30, 2003 opinion. The August 30, 2004 opinion was entered prior to the issuance of the Fifth Circuit's *Smallwood v. Ill., Cent. R.R. Co.,* 385 F.3d 568 (5th Cir.2004) opinion. Subsequently, the Court received from counsel for the defendant, American General, a letter urging forbearance until the United States Supreme Court addresses a writ for certiorari sought in *Smallwood v. Illinois Central Railroad, supra.* The plaintiffs were invited to file a renewed motion to reconsider. This opinion will address the plaintiffs' renewed motion.

## DISCUSSION

Although the Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, the United States Court of Appeals for the Fifth Circuit has held that such a motion will be treated as either a motion to "alter or amend" under Rule 59(e) or a motion for

"relief from judgment" under Rule 60(b). *Teal v. Eagle Fleet, Inc.,* 933 F.2d 341, 347 (5th Cir.1991). Rule 60(b)(6) allows a party to seek relief from a court's order when there is any reason "justifying relief from the operation of the judgment [or order]." Fed.R.Civ.Pro. Rule 60(b)(6). A Rule 60(b)(6) motion must be filed within a reasonable time period. *McCorvey v. Hill,* 385 F.3d 846, 849 n. 4 (5th Cir.2004) ("there is no set time period distinguishing timely from untimely motions [under Rule 60(b) ] outside of the absolute, one-year time frame for Rule 60(b)(1)-(3) motions."). The United States Supreme Court has noted that Rule 60(b)(6) provides district courts with the "authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863–64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). The Court's opinion denying the plaintiffs' previous motion for reconsideration was issued prior to the Fifth Circuit's opinion in *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568 (5th Cir.2004). Inasmuch as *Smallwood* represents a significant change in controlling law, the Court will reexamine its September 30, 2003 opinion in which there was a finding of improper joinder.

## I. Smallwood

The *Smallwood* en banc opinion counsels that a district court must remand cases wherein the defendants assert a defense in support of a finding of improper joinder which is dispositive of all claims in the action. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 576 (5th Cir.2004). In

---

**2.** The terms "fraudulent joinder" and "improper joinder" are synonymous as the Fifth Circuit recognized in the recent case of *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568 (5th Cir.2004). The Court will henceforth use the term "improper joinder" when referring

to a plaintiff's inability to establish a cause of action against an in-state defendant except in the case of a quotation from either a pre-*Smallwood* opinion or from a party to the present case.

*Smallwood*, the defendants argued that a federal law preempted the plaintiff's claim against the Mississippi Department of Transportation, and thus, MDOT, the only in-state defendant, was improperly joined. *Smallwood*, 385 F.3d at 571–72. The court, however, concluded that the defense asserted in support of a finding of improper joinder was a "common defense" which applied to both defendants. *Id.* at 576. In such instances, a defendant does not make a requisite showing of improper joinder, and a district court must remand the case. *Id.* The *Smallwood* analysis applies "only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is equally dispositive of all defendants." *Id.*

## II. Cockrell

The *Smallwood* majority based its decision on the United States Supreme Court case of *Chesapeake & O.R. Co. v. Cockrell*. In *Cockrell* the administrator for the decedent Cockrell's estate sued both the out of state railroad company and the company's engineer and fireman for negligently causing the decedent's death. *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 150, 34 S.Ct. 278, 58 L.Ed. 544 (1914). The railroad company argued that the engineer and fireman had been fraudulently joined to destroy diversity jurisdiction inasmuch as the allegations of negligence by the engineer and fireman were "false and untrue, and were known by the plaintiff ... to be false and untrue." *Cockrell*, 232 U.S. at 151, 34 S.Ct. 278. The Court reasoned that the company's contentions in support of fraudulent joinder

amounted to nothing more than a traverse of the charges of negligence ... and could not be proved as to the engineer or fireman. As no negligent act or omission personal to the railway company was charged, and its liability, like that of the two employees, was, in effect, predicated upon the alleged negligence of the latter, the showing manifestly went to the merits of the action as an entirety, and not the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all defendants.

*Id.* at 154, 34 S.Ct. 278.

*Cockrell* and *Smallwood* counsel that in cases where a defense asserted in support of improper joinder equally applies to all defendants, there is not improper joinder. In such cases, the defendants are alleging that the plaintiffs have filed a lawsuit without merit. Accordingly, the district court must remand the case to state court since there is not a showing of federal jurisdiction.

The defendants contend, however, that the case *sub judice* is distinguishable from *Cockrell* and *Smallwood*. They argue that the statute of limitations defense that applies to all of the claims against the in-state agents does not eliminate the contractually-based claims asserted against the out of state defendants. In the complaint, the plaintiffs aver claims for breach of contract, breach of implied covenants of good faith and fair dealing and unconscionability.[3] These claims are contractual in nature and are only asserted against the out of state companies which were in privity of contract with the plaintiffs. *See Hunt v. Preferred Risk Mut. Ins. Co.*, 568 So.2d 253, 255 (Miss.1990) ("[w]here there is no privity of contract, a suit for breach

---

3. *See* Complaint at ¶ 39 attached as Exhibit E–1 to Defendants' Response in Opposition to Plaintiffs' Motion for Reconsideration.

of contract cannot be maintained."); *Harris v. Mississippi Valley State Univ.*, 873 So.2d 970, 987 (Miss.2004) ("[e]very contract contains an implied covenant of good faith and fair dealing in performance and enforcement."). The defendants argue that the statute of limitations defense that disposes of the claims against the in-state defendants does not, in turn, equally dispose of the contractual claims against the out of state defendants. This argument will now be addressed.

## III. Rainwater

In the recent opinion of *Rainwater v. Lamar Life Ins. Co.*,[4] the Fifth Circuit was presented with the issue of whether *Smallwood* applies to those cases in which the defense asserted in support of improper joinder does not apply to all claims against the out of state defendants. *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636 (5th Cir.2004) ("[t]his case turns, therefore, on whether the limitations defense that disposes of all claims against in-state defendants in fact disposes of all claims against all defendants, as the principle of *Smallwood* is triggered only when all defendants are reached." *Id.* at 638). The *Rainwater* defendants argued that the plaintiffs averred state law claims unique to the out of state defendants, *e.g.* improperly setting interest rates and improperly charging particular fees, and thus, the statute of limitations defense applicable to the in-state defendants did not reach all claims. *Id.* at 638. Ultimately, the court could not

determine *Smallwood's* applicability inasmuch as the "plaintiffs nebulously drafted their complaint." *Id.* However, the court did state:

> the inclusion of such claims against [the out of state defendants] would mean that the statute of limitations that disposes of all claims against the in-state defendants would not constitute a 'common defense.' That in turn would preclude remand under the rule of *Smallwood*.

*Id.*

Turning to the case *sub judice*, the defendants argue that the claims against the out of state defendants are governed by Mississippi's relevant uniform commercial code dealing with negotiable instruments.[5] Regardless of which statute of limitations governs the contractual claims, a determination of whether the contractual claims are time-barred requires a separate analysis from the improper joinder analysis of the claims asserted against the in-state agents. The plaintiffs cite this Court's opinion in the case of *Williams v. Union Nat'l Life Ins. Co.*, 2004 WL 2151283 (S.D.Miss. Sept.20, 2004), as authority for deciding the present case. In *Williams*, this Court determined the following:

> [T]he plaintiff asserts identical claims against both Union National and the agent defendants. The plaintiff asserts that Union National is liable directly and vicariously for the acts and omissions of the agent defendants, and that the agents are individually liable for their

---

4. *Rainwater* was authored by the Honorable Patrick E. Higginbotham who also authored the en banc *Smallwood* opinion.

5. *See* Miss.Code Ann. § 75–3–104, which reads as follows:

[A] 'negotiable instrument' means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

(1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) Is payable on demand or at a definite time; and

(3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money. . . .

own individual wrongdoing. The statute of limitations defense, and the defendants' other defenses to the complaint, equally affect all defendants in this case through the doctrine of respondeat superior. For example, a finding that the statute of limitations has run against the agent defendants would also apply to Union National, since the claims against the latter are to those against the former. *Smallwood* dictates that this Court cannot conduct an improper joinder analysis of defenses common to all defendants, since to do so would require pre-trying the case on its merits.

*Williams,* 2004 WL 2151283 at *2.

*Williams* is distinguishable from the case *sub judice.* After an improper joinder analysis is conducted, the contractual claims against the out of state defendants survive. Those claims are asserted solely against the out of state defendants inasmuch as only the out of state defendants are in privity of contract with the plaintiffs. Thus, a separate analysis is required to determine whether those claims are also subject to a statute of limitations defense. The requirement of a separate analysis of the contractual claims places this case outside the scope of *Smallwood.* Accordingly, the Court finds that the *Rainwater* opinion provides the most persuasive analysis. As a result, the plaintiffs' renewed motion for reconsideration is not well-taken.

The Court recognizes that the *Smallwood* opinion has created some degree of uncertainty both among litigants and district courts and, it is expected that the progeny of *Smallwood* will clarify issues which may now appear uncertain. As an example, the Fifth Circuit is presently re-hearing *Ross v. Citifinancial, Inc.,* 344 F.3d 458 (5th Cir.2003), and the court presumably will address a statute of limitations defense in circumstances which may be similar to those in the case *sub judice.*

Although it is tempting to withhold our ruling until such time as *Ross* and other cases are decided, this delay would crowd the Court's docket and deny the parties an expeditious ruling on matters presently presented. Therefore, the Court has elected to proceed with this opinion, being mindful, however, that any subsequent opinion which further clarifies these issues, may be brought to the Court's attention in future motions to reconsider, should the circumstances require.

### CONCLUSION

Based on the reasoning and authority set forth above, the plaintiffs' motion for reconsideration is hereby **DENIED.** A separate order denying the plaintiffs' motion will be entered with this opinion.

### ORDER

This cause having come before this Court on the plaintiffs' Motion to Reconsider [**docket entry no. 114–1**], and the Court having denied the motion in a separate Memorandum Opinion; accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion is not well-taken and is hereby **DENIED.**