United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40603

_____

C & E LAND CO; ET AL

       Plaintiffs

CEO INVESTMENTS INC

       Plaintiff - Appellant

versus

AIR PRODUCTS LP

       Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
1:03-CV-531-MAC-ESH
--------------------

Before GARWOOD, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Appellant CEO Investments, Inc. ("CEO") appeals the district court's denial of its motion for summary judgment and the district court's grant of Appellee Air Products, L.P.'s ("Air Products") motion for partial summary judgment.[1]  After

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Air Products filed a motion for partial summary judgment because there were two other parties in the proceeding.  Those two parties were later severed, and at the time the partial summary judgment was granted it fully disposed of the issues

considering the record and the parties' briefs and arguments on appeal, we affirm the district court's judgment, principally for the reasons set forth in the magistrate judge's report and recommendation, which was adopted by the district court.

We agree with the district court's determination that the language of the easement in question unambiguously allows Air Products to transport hydrogen. The easement grants a pipeline right of way "for the transportation of oil, petroleum, gas, the products of each of the same, water, other liquids and gases, and mixtures of any of the foregoing . . . ." The plain meaning of this language includes hydrogen.

Because we find that the easement unambiguously allows for the transportation of hydrogen, we do not need to address Appellant's arguments based on extrinsic evidence or the application of *ejusdem generis*. *See Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 728 (Tex. 1981); *Nicol v. Gonzales*, 127 S.W.3d 390, 395 (Tex. App. - Dallas 2004).

Finally, we find no merit in Appellant's contention that the district court erred by ordering a take nothing judgment against it. From the context of this case, it is clear that the district court's order that Appellant take nothing merely reflects its determination that Air Products owns an easement that allows it to transport hydrogen through Appellant's property. The district court's take nothing judgment against Appellant does not decide

between CEO and Air Products.

any other issues with respect to Appellant's property ownership. *See Davidson v. Gelling*, 263 S.W.2d 940, 943 (Tex. 1954) (citing *Campbell v. Schrock*, 50 S.W.2d 788, 791 (Tex.Com.App. 1932)).

For the foregoing reasons, the district court's judgment is in all things AFFIRMED.