United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))))

No. 04-41197

)))))))))))))))))))))))))))))

P. BORDAGES-ACCOUNT B, L.P.; BORDAGES COMPANY; ROBERT F. FORD,

Plaintiffs-Appellants,

v.

AIR PRODUCTS, L.P.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Eastern District of Texas
1:04-cv-128-mac

_____

Before SMITH, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants P. Bordages-Account B, L.P.; Bordages

Company; and Robert F. Ford (collectively, "Appellants") appeal

the district court's grant of partial summary judgment in favor

of Defendant-Appellee Air Products, L.P.[1] and the court's denial

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

[1] Air Products' motion for partial summary judgment did not
address the issue of whether Air Products had the right to
operate a pipeline on another piece of land owned by Plaintiff-
Appellant Ford. The parties settled their dispute with regard to
that issue, and the district court entered final judgment in
favor of Air Products.

1

of Appellants' motion for summary judgment.  Appellants own pieces of land burdened by pipeline easements.  Air Products is the current owner of the easements and operator of the pipelines.

The easements allow for the "transportation of oil, petroleum, *gas*, the products of each of the same, water, *other* liquids and *gases*, and mixtures of any of the foregoing." (Emphasis added).  Air Products transports hydrogen through the pipelines.  The main issue in this case is whether the language "gas" and "other . . . gases" includes hydrogen.

In *C&E Land Co. v. Air Products LP*, 401 F.3d 602 (5th Cir. 2005), we decided this precise question in the affirmative.  The language in the pipeline easements in *C&E Land* was identical to the language of the easements in this case.  *Id.* at 603.  There, we held that "the language of the easement . . . unambiguously allows Air Products to transport hydrogen," because the plain meaning of "gas" and "other . . . gases" includes hydrogen.  *Id.* *C&E Land* controls this case.  Accordingly, we hold that the easement allows for the transportation of hydrogen.

Appellants also argue that their motion for summary judgment should have been granted because they own the surface fee title to the pipeline strips.  Appellants cite *Davidson v. Gelling*, 263 S.W.2d 940 (Tex. 1954), and, without more, state that "judgment should be entered in accordance with *Davidson*."  It is not clear how *Davidson* supports Appellants' case, however, nor have

2

Appellants provided us with any explanation.  In short, Appellants' briefing of this issue is insufficient.  Therefore, they have waived this argument.  *See* FED. R. APP. P. 28(a)(9)(A).

For the foregoing reasons, we AFFIRM the judgment of the district court granting partial summary judgment in favor of Air Products and denying Appellants' motion for summary judgment.

AFFIRMED.