United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-40029

JIM R. WINGATE,

Plaintiff - Appellant,

versus

AIR PRODUCTS INC; ET AL,

Defendants,

AIR PRODUCTS INC.,

Defendant-Appellee,

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:04-CV-124

Before BENAVIDES, STEWART, and OWEN, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Plaintiff-Appellant Jim Wingate appeals the district court's denial of his motion to remand to

state court and its dismissal of the non-diverse defendant Duane Johnson, as well as the district

court's denial of his motion for summary judgment and grant of summary judgment in favor of

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Defendant-Appellee Air Products, Inc. For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jim Wingate owns certain pieces of land in Jefferson County, Texas, that are burdened by express pipeline easements. The easements allow for the "transportation of oil, petroleum, gas, the products of each of the same, water, other liquids and gases, and mixtures of any of the foregoing . . . ." Air Products, L.P. ("Air Products")[1] is the current owner and operator of the pipelines, which it now uses to transport hydrogen.

In February 2004, Wingate filed suit in Texas state court against Air Products,[2] claiming that the easements do not allow for the transportation of hydrogen through the pipelines. Wingate also joined as a defendant Duane Johnson, doing business as MMI Right of Way Services. Johnson is an individual resident of Texas. In his state court petition, Wingate sought an injunction prohibiting Air Products and Johnson from entering any of his lands upon which they have no valid easement. Stating that Air Products does not have an easement for a hydrogen gas pipeline, Wingate sought to enjoin the defendants from replacing the "old pipeline" with a hydrogen pipeline or from placing hydrogen in the old pipeline. Alternatively, Wingate requested that, in the event the defendants had

[1]On October 1, 1999, Air Products, Inc. was dissolved and converted to Air Products, L.P. All assets of Air Products, Inc. were transferred to Air Products, L.P. The Appellant is herein referred to simply as "Air Products" except where greater specification is necessary for clarity.

[2]Wingate filed suit against Air Products, Inc., which had ceased to exist by the time of filing. Air Products defended the case under the name Air Products, L.P. Neither party moved to amend the style of the case to include and/or substitute Air Products, L.P. As the district court noted, however, Air Products, L.P. has consented to being sued under this heading, so a proper analysis of the claims is warranted.

already replaced the old pipeline with a hydrogen pipeline or had begun to pump hydrogen through the old pipeline, the court order the defendants to remove the new pipeline from his land or to remove any hydrogen from the old pipeline.

The defendants subsequently removed the case to the United States District Court for the Eastern District of Texas alleging that the non-diverse defendant, Johnson, had been improperly joined solely to defeat diversity jurisdiction. Wingate moved to remand the case to state court, but the district court denied his motion and dismissed Johnson as improperly joined. Wingate filed an interlocutory appeal of this ruling, which we dismissed. Both Wingate and Air Products then filed motions for summary judgment. The district court denied Wingate's motion and granted summary judgment in favor of Air Products. Wingate now appeals from that judgment.

## II. DISCUSSION

### A. Motion to Remand

Wingate argues that the district court erred by concluding that Johnson was improperly joined, denying his motion to remand, and dismissing Johnson from the lawsuit. We review a denial of remand to state court de novo. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). Diversity jurisdiction requires complete diversity between the parties; however, such diversity cannot be destroyed by a plaintiff improperly joining a non-diverse defendant. *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). The party invoking the removal jurisdiction on the grounds of improper joinder bears a heavy burden. *See Sid Richardson*, 99 F.3d at 751. The removing party may satisfy its burden by showing either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Only

3

the latter method is relevant here because Air Products did not allege actual fraud. Thus, the relevant question is whether Air Products has shown that there is no reasonable possibility of recovery against the non-diverse defendant, Johnson, in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). A mere theoretical possibility of recovery is insufficient. *Travis*, 326 F.3d at 648.

Looking at the state court petition at the time of removal, we agree with the district court's conclusion that there was no reasonable basis to predict that Wingate might prevail against Johnson in state court. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (stating that removal jurisdiction is determined by looking to the claims in the state court complaint as they existed at the time of removal). Wingate failed to allege that Johnson had any interest in the easements and pipeline or that Johnson repeatedly or continuously trespassed on his land. *See, e.g.*, *Beathard Joint Venture v. West Houston Airport Corp.*, 72 S.W.3d 426, 432 (Tex. Ct. App. 2002) (stating that an injunction is an appropriate remedy when the trespass is repeated or continuous); *Bass v. Champion Int'l Corp.,* 787 S.W.2d 208, 211 (Tex. Ct. App. 1990). Therefore, we find that the district court was correct; Johnson's petition did not state a cause of action that could result in an injunction against Johnson.

Wingate contends that the district court should have remanded this case under *Smallwood v. Illinois Central Railroad*, 385 F3d 586 (5th Cir. 2004) (en banc). In that case, we held:

> When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits. It must remand to the state court.

4

*Id.* at 576. Thus, Wingate alleges that the district court should not have dismissed his case against Johnson; rather, under *Smallwood*, Wingate argues that the district court should have remanded the case to state court because the removing party did not meet its burden of proving that joinder was improper.

Wingate's rationale, however, is misplaced. First, the district court determined that Johnson did meet the burden of showing that Wingate, based on his petition at the time of removal, would not succeed in his cause of action against Johnson in state court. Second, the *Smallwood* decision is a limited holding that does not apply to this case. We limited our holding in *Smallwood* by stating:

> But our holding today is narrow. It applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and *that showing is equally dispositive of all defendants*.

*Id.* at 576 (emphasis added). In the present case, Johnson's defenses do not apply equally to Air Products and, even if they did, the defenses would not equally dispose of all of Wingate's claims against Air Products (e.g., transportation of hydrogen through the pipeline). *See Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638-39 (5th Cir. 2004); *Smallwood*, 385 F.3d at 575. The allegation of improper joinder is not equally dispositive of all defendants. Because "the principle in *Smallwood* is triggered only when all defendants are reached," *Smallwood* is therefore not instructive on these facts. *Rainwater*, 391 F.3d at 638.

During oral argument, counsel for Wingate attempted to clarify his *Smallwood* argument, explaining that if we found there was no reasonable basis to predict that Wingate might prevail against Johnson in state court, then we also must find that there is no reasonable basis to predict that Wingate might prevail against Air Products in state court, because all pleaded allegations against Johnson

5

apply equally to Air Products and vice versa. Therefore, he argued, the defense does equally dispose of all of Wingate's claims, *Smallwood* does apply, and the case should be remanded to state court. This argument fails for the same reason the district court determined that Johnson was an improperly joined defendant. Unlike his allegations against Air Products, Wingate did not plead sufficient facts to explain Johnson's role in this trespass dispute. The pleadings contain specific references to Air Products; they do not contain specific references to Johnson. Therefore, we agree with the district court holding that Johnson is an improperly joined defendant.

B. Motions for Summary Judgment

Wingate next claims that the district court erred by denying his motion for summary judgment and granting summary judgment in favor of Air Products. We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *Fierros v. Tex. Dep't of Health,* 274 F.3d 187, 190 (5th Cir. 2001). Summary judgment is proper when the record, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Blow v. City of San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001). "The moving party is entitled to a judgment as a matter of law [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

Wingate argues that the district court erred in denying his motion for summary judgment because Air Products did not establish that it owns an easement of any kind through the relevant properties. We disagree. Assuming arguendo that Air Products has the burden under Texas law to establish the existence and ownership of the express easements at issue here, the district court did not

6

err in concluding that Air Products met that burden. Wingate's expert witness stated that he found no complete chain of title to Air Products, L.P. in the Jefferson County records. The expert conceded that the chain of title shows that Air Products, Inc. is the purported record owner of the relevant easements. However, he stated that the records show that Air Products, Inc. filed a Certificate of Termination on September 23, 1999. As the district court concluded, Air Products produced evidence showing that all assets of Air Products, Inc. were transferred to Air Products, L.P. Wingate argues that the district court should not have considered this evidence because it was not properly disclosed, but his claim is unsubstantiated. The district court correctly determined that this evidence sufficed to show that Air Products, L.P. owned an easement through the relevant lands and that Wingate did not raise a genuine issue of material fact with regard to ownership.

Wingate also argues that, for a variety of reasons, the easements, which allow for the "transportation of oil, petroleum, gas, the products of each of the same, water, other liquids and gases, and mixtures of any of the foregoing," do not authorize the transportation of hydrogen through the pipeline. We resolved precisely this question in *C&E Land Co. v. Air Products, LP,* 401 F.3d 602, 603 (5th Cir. 2005) (per curiam)*,* in which we found that an express easement with language identical to the present easement allows for the transportation of hydrogen. *See also P. Bordages-Account B, LP v. Air Prods., LP*, No. 04-41197, 2005 WL 900231, at *1 (5th Cir. Apr. 15, 2005) (per curiam) (unpublished) (applying *C&E Land* to interpret another easement with identical language as allowing the transportation of hydrogen).

Wingate urges us to revisit our definition and apply the doctrine of ejusdem generis to determine the appropriate meaning of "gas." In *C&E Land* we refused to answer the ejusdem generis

7

question proffered because the easement language was unambiguous. More importantly, we did not

look beyond the plain meaning of the easement language:

> We agree with the district court's determination that the language of the easement in question unambiguously allows Air Products to transport hydrogen. The easement grants a pipeline right of way "for the transportation of oil, petroleum, gas, the products of each of the same, water, other liquids and gases, and mixtures of any of the foregoing . . ." The plain meaning of this language includes hydrogen.

*C&E Land*, 401 F.3d at 603. This easement language at issue before us today is identical to the

language in the *C&E Land* easement. Thus, as in *C&E Land,* the easement at issue here

"unambiguously allows for the transportation of hydrogen." *Id.* Accordingly, we do not apply the

doctrine of ejusdem generis to determine the meaning of "gas" and we need not address Wingate's

arguments based on extrinsic evidence.

Finally, Wingate argues that his motion for summary judgment should have been granted

because he owns the surface fee title to the pipeline strips. Likewise, in *P. Bordages-Account B, LP*

*v. Air Products, LP*, No. 04-41197, 2005 WL 900231 (5th Cir. Apr. 15, 2005) (per curiam)

(unpublished), the appellants argued that because they claimed to hold fee title to the surface and the

pipeline strips, the district court should have granted their motion for summary judgment. *Id.* at *1.

In response, we held:

> Appellants cite *Davidson v. Gelling*, 153 Tex. 56, 263 S.W.3d 940 (1954), and, without more, state that "judgment should be entered in accordance with *Davidson*." It is not clear how *Davidson* supports Appellants' case, however, nor have Appellants provided us with any explanation. In short, Appellants' briefing of this issue is insufficient. Therefore, they have waived this argument.

*Bordages*, 2005 WL 900231, *1. Wingate also relies on *Davidson*. Similarly, it is not clear,

however, how *Davidson* supports Wingate's case, nor has he provided us with any explanation. In

short, Wingate's briefing of this issue is insufficient.  Therefore, he has waived this argument. *See*

Fed. R. App. P. 28(a)(9)(A); *Bordages*, 2005 WL 900231, at *1.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.