United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2006**

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals
For the Fifth Circuit*

———————

No. 02-60995

———————

ROBERT EDGAR HOLDER, By and Through His Natural Parents and
General Guardians, Valley Holder and Brenda Holder; MATTHEW
CLAYTON HOLDER, By and Through His Natural Parents and
General Guardians, Valley and Brenda Holder,

      Plaintiffs - Appellants,

v.

ABBOTT LABORATORIES, INC., ET AL.,

      Defendants,

ABBOTT LABORATORIES INC.; AMERICAN HOME PRODUCTS CORP., doing
business as Wyeth, Wyeth Laboratories Inc., Wyeth-Ayerst,
Wyeth-Ayerst Laboratories, Wyeth Lederle, Wyeth Lederle
Vaccines, and Lederle Laboratories; AVENTIS PASTEUR INC.,
Individually and as Successor in Interest to Connaught Laboratories, Inc.;
BAXTER INTERNATIONAL, INC.;
ELI LILLY AND COMPANY; GDL INTERNATIONAL INC.;
GLAXOSMITHKLINE, Individually and as Successor in Interest to SmithKline Beecham
Corp.; KING PHARMACEUTICALS, INC.; MERCK & COMPANY, INC.;
SIGMA-ALDRICH, INC.; SPECTRUM CHEMICAL
MANUFACTURING CORP.; GREGORY S. MARANTO M.D.; RUSH
MEDICAL GROUP, Professional Association; JOHN DOES,

      Defendants - Appellees.

———————

Appeal from the United States District Court
for the Southern District of Mississippi

———————

Before BENAVIDES, STEWART, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

This suit was filed in state court on behalf of children who suffered neurological damage allegedly caused by vaccines containing Thimerosal that in turn contained mercury. The case was removed to federal district court. That court denied the plaintiffs' motion to remand and then dismissed all claims against all defendants, relying on the National Childhood Vaccine Injury Act of 1986.[1] We affirm the district court's denial of remand and dismissal of claims relating to the manufacture of vaccines, but reverse the dismissal of the claims relating to the manufacture of Thimerosal.

# I

Mississippi residents Valley and Brenda Holder brought suit on behalf of their minor children Matthew and Clayton, alleging that the children sustained neurological damage from mercury found in Thimerosal, a preservative contained in some childhood vaccines. The Holders sued Mississippi residents Gregory S. Maranto, M.D. and Rush Medical Group, P.A., who are alleged to have administered vaccines, and out-of-state defendants, who are alleged to have manufactured, designed, marketed, or sold Thimerosal and vaccines that contained Thimerosal.[2] One of the out-of-state defendants removed the case to federal

---

[1] 42 U.S.C. §§ 300aa-1 - 300aa-34.

[2] The non-resident defendants were Abbott Laboratories Inc.; American Home Products Corp., doing business as Wyeth, Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederle, Wyeth Lederle Vaccines, and Lederle Laboratories; Aventis Pasteur, Inc., individually and as successor in interest to Connaught Laboratories, Inc.; Baxter International, Inc.; Eli Lilly and Company; GDL International, Inc; GlaxoSmithKline, individually and as successor in interest to

district court based on diversity jurisdiction,[3] claiming, among other things, that the Mississippi residents were improperly joined because the Holders' claims against those defendants are procedurally barred by the National Childhood Vaccine Injury Act.[4] The district court concluded that the Vaccine Act bars the Holders' claims against all defendants. It denied the Holders' motion to remand and then dismissed their claims in their entirety. The Holders appealed, but the case was stayed for an extended period at the Holders' request, then at the expiration of the stay, dismissed without prejudice to reinstatement, and subsequently reinstated.

The issues presented are whether the district court erred in denying remand, and if not, whether it erred in dismissing all the Holders' claims against all defendants. The Holders contend that even if the Vaccine Act forecloses the claims they have made, it forecloses all claims against all defendants and that, based on this court's decision in *Smallwood v. Illinois Central Railroad Co.*,[5] the case must therefore be remanded to state court. Alternatively, the Holders contend that their claims against three defendants are not foreclosed by the Vaccine Act and although removal was proper, dismissal as to those three

---

SmithKline Beecham Corp; King Pharmaceuticals, Inc.; Merck & Company, Inc.; Sigma-Aldrich, Inc.; Spectrum Chemical Manufacturing Corp.; and Medeva Pharmaceuticals, Inc.

[3]*See* 28 U.S.C. §§ 1332, 1441(b), 1446.

[4]42 U.S.C. §§ 300aa-1 - 300aa-34.

[5]385 F.3d 568, 576 (5th Cir. 2004) (en banc) (holding that there is no improper joinder when "the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is equally dispositive of all defendants"), *cert. denied*, 125 S. Ct. 1825 (2005).

3

defendants was not. Our review of both the order denying remand and the order dismissing all claims is *de novo*.[6]

## II

We do not write on a clean slate in this case. After the Holders appealed, this court decided two other vaccine cases from the same district court, *Collins v. American Home Products Corp.*[7] and *McDonal v. Abbott Laboratories*,[8] as well as a vaccine case from a Louisiana district court, *Moss v. Merck & Co.*[9] This court's decision in *Smallwood*, resolving issues surrounding removal based on improper joinder, also issued while the Holders' appeal was pending.[10]

The *Smallwood* decision provides the procedural framework for deciding whether remand was required. This court has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[11] There is no contention that the Holders fraudulently pled jurisdictional facts. Our focus is on the second

---

[6]*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 311 (5th Cir. 2002) (holding that an order denying remand based on improper joinder is reviewed *de novo*); *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 477 (5th Cir. 2002) (stating that an order granting a motion to dismiss is reviewed *de novo*).

[7]343 F.3d 765 (5th Cir. 2003), *cert. denied*, 125 S. Ct. 1823 (2005).

[8]408 F.3d 177 (5th Cir. 2005).

[9]381 F.3d 501 (5th Cir. 2004).

[10]385 F.3d at 571.

[11]*Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

means of establishing improper joinder, and *Smallwood* tells us the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[12]

Even if the defendant meets this burden, however, *Smallwood* teaches that there is no improper joinder if the basis for concluding that there can be no recovery from "the in-state defendant necessarily compels the same result for the nonresident defendant."[13] In such a case, "there is only a lawsuit lacking in merit," not a showing that joinder was improper.[14] Accordingly, "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant[s], and that showing is equally dispositive of all defendants rather than [dispositive of] the in-state defendants alone," then joinder was not improper.[15] Our holdings in *McDonal v. Abbott Laboratories*[16]

---

[12]*Id.*

[13]*Id.* at 574.

[14]*Id.*

[15]*Id.* at 575; *see also Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638-39 (5th Cir. 2004) (noting that the *Smallwood* "common defense" rule only applies if the defense is "dispositive of *all* claims against *all* defendants").

[16]408 F.3d at 184 (holding that claims against vaccine manufacturers were subject to the Vaccine Act but claims against Thimerosal manufacturers were not; therefore, the cause was properly removed based on a fraudulent joinder theory).

5

and *Moss v. Merck & Co.*[17] compel the conclusion that the Vaccine Act forecloses the present suit against the non-diverse defendants but not all the diverse defendants; therefore, the Holders' joinder of the non-diverse defendants was improper and remand to state court was not warranted.

The parties have grouped the defendants into three categories. One group is the in-state, non-diverse defendants who allegedly administered vaccines, the second group has been called the "Vaccine Defendants," because they allegedly manufactured vaccines, and the third group has been called the "Thimerosal Defendants," because they allegedly manufactured Thimerosal, a preservative that was added to vaccines by the vaccine manufacturers.

The Vaccine Act requires that claims "for a vaccine-related injury or death"[18] must first be brought in the United States Court of Federal Claims.[19] Suit in state and federal

---

[17]381 F.3d 501, 503-04 (5th Cir. 2004) (holding that the Vaccine Act does not apply to claims against Thimerosal manufacturers because Thimerosal is a vaccine component, not a vaccine or an adulterant or contaminant within the meaning of the Vaccine Act).

[18]42 U.S.C. § 300aa-33(5) (defining "vaccine-related injury or death" as "an illness, injury, condition, or death associated with one or more of the vaccines set forth in the Vaccine Injury Table, except that the term does not include [conditions] associated with an adulterant or contaminant intentionally added to such a vaccine"); *see also Moss*, 381 F.3d at 503-04 ("It is settled that Thimerosal, when used as a preservative, is a component of a vaccine rather than an adulterant.").

[19]42 U.S.C. § 300aa-11(a)(1). It provides:

A proceeding for compensation under the Program for a vaccine-related injury or death shall be initiated by service upon the Secretary and the filing of a petition containing the matter prescribed by subsection (c) of this section with the United States Court of Federal Claims. The clerk of the United States Court of Federal Claims shall immediately forward the filed petition to the chief special master for assignment to a special master under section 300aa-12(d)(1) of this title.

courts is barred unless and until there has been compliance with section 300aa-11(a)(2)(A) of the Act.[20] If a civil action barred under section 300aa-11(a)(2)(A) is brought in state or federal court, the court is required to dismiss the action.[21]

The Holders concede that they have not filed a petition seeking compensation for the injuries alleged in this action with the United States Court of Federal Claims. The question is whether they were required to, and if so, whether all their claims against all defendants are "against a vaccine administrator or manufacturer."[22]

At oral argument, the Holders argued for the first time that the Vaccine Act does not bar their claims against the in-state defendants because their Complaint includes a claim for loss of consortium suffered by the Holders in their individual capacity as parents, separate

---

[20]*Id.* § 300aa-11(a)(2)(A). It provides:

No person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, and no such court may award damages in an amount greater than $1,000 in a civil action for damages for such a vaccine-related injury or death, unless a petition has been filed, in accordance with section 300aa-16 of this title, for compensation under the Program for such injury or death and–
(i)(I) the United States Court of Federal Claims has issued a judgment under section 300aa-12 of this title on such petition, and
(II) such person elects under section 300aa-21(a) of this title to file such an action, or
(ii) such person elects to withdraw such petition under section 300aa-21(b) of this title or such petition is considered withdrawn under such section.

[21]*Id*. § 300aa-11(a)(2)(B) ("If a civil action which is barred under subparagraph (A) is filed in a State or Federal court, the court shall dismiss the action.").

[22]*Id*. § 300aa-11(a)(2)(A).

and apart from claims on behalf of their children.[23] This argument is waived and in any event lacks merit. Valley and Brenda Holder appear in the Complaint solely in a representative capacity. Even when read liberally, the Complaint is devoid of any claim for damages suffered by Valley and Brenda Holder in their individual capacities.

There can be no doubt that the non-diverse defendants who allegedly administered vaccines and the Vaccine Defendants who allegedly manufactured vaccines come within section 300aa-11(a), as this court held in *McDonal*.[24] But *Moss* held that Thimerosal is a component of a vaccine, not a vaccine,[25] and that claims against Thimerosal manufacturers are not governed by the Vaccine Act.[26] There is no requirement that redress for vaccine-related injuries against Thimerosal manufacturers be pursued in accordance with section 300aa-11(a).

The Holders' allegations in their complaint do not distinguish between the Vaccine Defendants and the Thimerosal Defendants. The Holders alleged that each defendant was

---

[23]*See Moss*, 381 F.3d at 505 (holding that the Vaccine Act does not bar a parent's claim for loss of consortium suffered as a result of his child's vaccine-related injuries).

[24]*McDonal v. Abbott Laboratories*, 408 F.3d 177, 185 (5th Cir. 2005) ("[T]he claims asserting vaccine-related injuries brought against the resident Healthcare defendants and the nonresident Vaccine defendants were required to have first been brought in the Vaccine Court.").

[25]*Moss*, 381 F.3d at 503-04 ("[Thimerosal's] status as a vaccine component no more makes Thimerosal a 'vaccine' than does the inclusion of a piston under the hood of an automobile make that object an 'engine.'").

[26]*McDonal*, 408 F.3d at 185; *Moss*, 381 at 503-04 ("Because Thimerosal is not a vaccine, its producers are not vaccine manufacturers as that term is defined in the Vaccine Act . . ., so they are not entitled to the protections of the Act's restrictions on the filing of suits.").

both a Thimerosal and a vaccine manufacturer or supplier.[27] Because the Vaccine Act bars all claims against the non-diverse defendants but not claims against the diverse defendants regarding the manufacture, marketing and distribution of Thimerosal, the district court did not err in denying the Holders' motion to remand.

## III

For the reasons we have just discussed, the district court had subject matter jurisdiction because removal was proper and there was diversity jurisdiction. It is also clear from the foregoing that the court did not err in dismissing the Holders' claims against the non-diverse defendants who administered vaccines.

As to the Vaccine Defendants, as we noted above, the Holders alleged that all diverse defendants manufactured or distributed both vaccines and Thimerosal. But in their briefing in this court, the Holders effectively concede that the Vaccine Defendants did not manufacture or distribute Thimerosal separate and apart from vaccines and that, in light of

---

[27]For example, the Holders allege in paragraph 35 of their pleadings that:

> In researching, manufacturing, designing, modifying, testing, or failing to test, warning or failing to warn, distributing, offering for sale, supplying, selling, marketing, warranting, re-branding, manufacturing for others, packaging and advertising the aforementioned mercury-containing products [i.e., Thimerosal additives and vaccines], Defendants did so with conscious, willful and wanton disregard for the safety of persons who would be injected with the mercury which was intentionally added to the vaccines.

Compl. ¶ 35 (alteration added).

9

*McDonal*, dismissal as to those defendants was proper.[28]

However, the Vaccine Act does not bar the Holders' claims against the Thimerosal Defendants for the reasons previously discussed, and the district court erred in dismissing the Holders' claims against those defendants on that basis. Nevertheless, the Thimerosal Defendants contend that there are independent grounds supporting dismissal of all claims against them. Eli Lilly and Company filed a motion to dismiss asserting that it did not manufacture any vaccines that could have been administered to the Holders' children. Sigma-Aldrich, Inc. asserts that it filed an answer to the Holders' complaint denying that it had ever been in the business of manufacturing vaccines. Spectrum Chemical Manufacturing Corp. was granted additional time to file an answer, but the case was dismissed before it did so. It asserts, however, that it would have denied manufacturing any vaccines. None of these arguments supports dismissal on the record before this court.

First, none of these defendants has denied manufacturing, marketing or distributing

---

[28]The Holders' Reply Brief states:

Pursuant to the McDonal decision, if this Court determines that the "common defense" theory does not apply, the present action should be affirmed only as to the "Vaccine Defendants" and remanded to the District Court as to the "Thimerosal Defendants" (i.e. Eli Lilly and Co., Sigma-Aldrich, Inc., and Spectrum Chemical Manufacturing Corp.) as they do not fall within any of the provisions of the Vaccine Act.

∗ ∗ ∗

In McDonal v. Abbott Laboratories, this Court held that the action was to be affirmed as to the "Vaccine Defendants", but that the dismissal as to the "Thimerosal Defendants" was reversed and remanded to the District Court. As the same arguments were made both in the McDonal case and the present action, the analysis of that case should be Followed [sic] if the Court determines that the "common defense" theory is not applicable. [Citations omitted].

Thimerosal. Second, even had they done so, and even had all defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on that basis, these are not matters that could be resolved from the face of the Holders' complaint. There was no evidence before the district court to support any contention that the Thimerosal Defendants did not manufacture or distribute Thimerosal, and the parties never joined issue on that question because the district court stayed all proceedings except those pertaining to the propriety of remanding the case to state court. Accordingly, the district court erred in dismissing claims that the Thimerosal Defendants manufactured or distributed Thimerosal.

King Pharmaceuticals, Inc. has not filed a brief in this court. The Holders appear to treat King as part of the Vaccine Defendants and has not argued that this defendant is a Thimerosal Defendant. Accordingly, the Holders have not shown that the district court erred in dismissing all claims against King.

\* \* \*

For the foregoing reasons, we: 1) AFFIRM the district court's denial of the Holders' motion to remand, 2) AFFIRM the district court's dismissal of the Holders' claims against Gregory S. Maranto, M.D. and Rush Medical Group, P.A., 3) AFFIRM the district court's dismissal of the claims against the Vaccine Defendants,[29] but 4) REVERSE the district court's dismissal of the claims against Eli Lilly and Company, Sigma-Aldrich, Inc., and

---

[29]This includes all defendants identified in footnote 2, *supra*, other than Medeva Pharmaceuticals, who is not a party on appeal, and appellees Eli Lilly and Company, Sigma-Aldrich, Inc., and Spectrum Chemical Manufacturing Corp.

11

Spectrum Chemical Manufacturing Corp. and REMAND only the claims that those defendants manufactured, marketed, designed or distributed Thimerosal.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART