W. EUGENE DAVIS, Circuit Judge,
dissenting:
The majority holds that this case should be remanded to state court even though the non-diverse party cannot be sued under the state statute creating the cause of action. I disagree and dissent.
As the majority opinion reflects, Mr. Flagg brought suit in state court against both the manufacturer of a toe implant and the medical providers who performed the implant. The manufacturing defendants were diverse' while the medical provider defendants were not diverse. Flagg sued the manufacturers for products liability and the medical provider defendants for malpractice.
Under Louisiana Revised Statute § 40:1299.47 (LMMA), which provides a cause of action against health care providers for malpractice, a patient cannot sue that provider until his case is presented to an administrative panel.[1] Louisiana courts consistently support the plain language of the LMMA and hold no suit is available on plaintiffs claim until it is exhausted by the medical review panel.[2]
The primary question here is whether a plaintiffs unexhausted claim against a non-diverse defendant should be disregarded as improperly joined for purposes of determining diversity jurisdiction. The majority refused to dismiss this suit against the medical providers and retain the action against the manufacturing defendants.
Smallwood v. Illinois Central Railroad Co. formulated the standard for improper joinder. Improper joinder applies when a plaintiff is unable to maintain a cause of action against the non-diverse party.[3] If there is no possibility of recovery against the non-diverse party, the plaintiff cannot maintain an action against it.[4]
In Melder v. Allstate, 404 F.3d 328 (5th Cir.2005), and Holder v. Abbott Labs., 444 F.3d 383 (5th Cir.2006), we held that plaintiffs’ unexhausted claims under statutes other than the LMMA had no possibility of recovery, and therefore, they were improperly joined. Furthermore we dismissed the suits against defendants who were the subject of unexhausted claims.[5] Melder *464 and Holder also demonstrate that determination of whether a cause of action exists is made at the time of removal.[6] Following our decisions in Melder and Holder, all of the federal district courts in Louisiana presented with the question applied a bright line, rule to medical malpractice suits: if the claim is not exhausted, that action is improperly joined and the medical provider is dismissed and disregarded for purposes of diversity jurisdiction.[7]
The majority takes the position that these cases are distinguishable because the administrative bodies in Melder and Holder were authorized to resolve the disputes presented by litigants, whereas the LMMA panel hears evidence and arguments and then issues an opinion on whether malpractice occurred. The LMMA opinion, while not binding, is admissible at a later trial as highly probative evidence.[8]
' The majority does not explain why this distinction is significant for determining whether a plaintiff can bring suit under the LMMA. We did not condition our holding in Melder and Holder on such a consideration; and, we have never considered such a distinction relevant under Title VII.[9]
Under Title VII, an employee asserting a claim of employment discrimination against an employer must file a charge with the EEOC.[10] The EEOC then must be given an opportunity to investigate the charge and, if reasonable cause exists, mediate the dispute.[11] Employees cannot sue until this process is exhausted and the EEOC issues a right-to-sue letter.[12]
The EEOC has no authority to resolve disputes by rendering a binding decision.[13] Instead it can only determine whether reasonable cause exists and conciliate the dispute, issue a right to sue letter, or file suit itself.[14] But even though the EEOC has no authority to resolve disputes, our courts require employees to exhaust their claim.[15] Critically, a plaintiff suing without exhaustion of the claim with the EEOC suffers dismissal of his suit as required by Title VII.[16]
I cannot endorse a rule 'that enforces the requirement imposed by a federal statute *465 requiring dismissal of an unexhausted claim, yet refuse to enforce the same requirement in a state statute.
The majority also distinguishes Melder and Holder arguing that those administrative bodies acted under a much more comprehensive scheme. In my view, this difference is insignificant for our purposes. The sole issue is whether a plaintiff can demonstrate that he has a viable action against a non-diverse defendant at the time the action is removed. We should have a bright line rule: when the statute creating a cause of action requires exhaustion with an administrative agency before suit can be filed, a plaintiff cannot maintain an action in court on the unexhausted claim. Such an action should be dismissed, and the defendants disregarded for diversity jurisdiction purposes.[17]
Under the majority’s rule, courts would be required to evaluate the comprehensiveness of the administrative scheme in each new statute along with the adjudicative authority of the administrative body. District courts would be required to determine on which side of the line the administrative scheme falls. This is not a sensible approach. To the contrary, we should respect the judgement of the state on how it chooses to structure its administrative scheme. So long as the state determines that no suit may be filed on a cause of action until exhaustion, we should follow that directive.
Finally, the majority’s concern based on judicial efficiency considerations for split-, ting the products liability and medical malpractice cases is overblown. If the district court in this case dismisses the non-diverse medical provider parties as improperly joined, nothing prevents it from staying the products action pending the medical review panel’s opinion. Then, if the plaintiff decides to forgo his malpractice claim, the district court can resolve the products case. However, if the plaintiff joins the malpractice case with the pending products case, then the district court will remand the entire case for a single trial.
For these reasons, I respectfully dissent.

. The Louisiana Medical Malpractice Act states that a medical review panel must review malpractice claims otherwise "no action” is available in "any court.” La.Rev. Stat. § 40:1299.47 (2015).

. See, e.g., Spradlin v. Acadia-St. Landry Med. Found., 758 So.2d 116, 119 (La.2000) (noting requirement of pre-suit review panel).

. 385 F.3d. 568, 573 (5th Cir.2004).

. Id.

. Melder, 404 F.3d at 331-32; Holder, 444 F.3d at 388-89.

. See Melder, 404 F.3d al 331-32; Holder, 444 F.3d at 388-89; accord Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).

. See, e.g., Pardo v. Medtronic, Inc., 2010 WL 4340821 (E.D.La. Oct. 26, 2010); Fontenot v. Johnson & Johnson, 2010 WL 2541187 (W.D.La. Apr. 30, 2010); Ellis v. Ethicon, Inc., 2010 WL 1251640 (M.D.La. Feb. 19, 2010).

. See McGlothlin v. Christus St. Patrick Hosp., 65 So.3d 1218, 1226-27 (La.2011).

. Under Title VII, the EEOC "exercises no adjudicatory authority.” Federal Judicial Center, Major Issues in the Federal Law of Employment Discrimination 89 (5th ed.2012).

. 42 U.S.C. § 2000e-5 (2015).

.Id.

. A civil action on a Title VII claim may brought only "after the giving of [right-to-sue] notice.” Id.

. See supra, note 9.

. "The only powers of the EEOC are to investigate charges, determine whether there is reasonable cause to support them, [or] attempt to reach a settlement through conciliation.” Id.

. "Title VII requires employees to exhaust their administrative remedies.” McClain v. Lufkin Indus., 519 F.3d 264, 273 (5th Cir.2008).

. Courts consistently dismiss these unexhausted claims. See, e.g., Atkins v. Kempthorne, 353 Fed.Appx. 934 (5th Cir.2009); Richter v. Advance Auto Parts, 686 F.3d 847 (8th Cir.2012); Vazquez-Rivera v. Figueroa, 759 F.3d 44 (1st Cir.2014); Hildebrand v. Allegheny Cty., 757 F.3d 99 (3d Cir.2014).

. See Melder, 404 F.3d at 331-32; Holder, 444 F.3d at 388-89; accord McClain, 519 F.3d at 273.