896 F.Supp. 655 (1995)
Ronnie HOGG and Wife Joyce Hogg, Plaintiffs,
v.
RUST INDUSTRIAL CLEANING SERVICES, INC., Defendant.
No. 1:95CV395.
United States District Court, E.D. Texas, Beaumont Division.
September 11, 1995.
Richard Glenn Lewis of Boneau & Lewis, Port Arthur, TX, for plaintiffs.
F. Lee Butler, of Adams & Reese, Houston, TX, for defendant.

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND
SCHELL, Chief Judge.
Before this court are Plaintiffs' Motion to Remand, Plaintiffs' Supplement to the Motion *656 to Remand, and Defendant's response to the motion. Upon consideration of the motion, response, and memoranda of law, this court is of the opinion that Plaintiffs' Motion to Remand should be DENIED.

BACKGROUND
On or about June 2, 1995, Plaintiffs, Ronnie and Joyce Hogg (collectively "Hoggs"), filed suit in state court against Rust Industrial Cleaning Services, Inc. ("Rust") alleging that Rust was vicariously liable for the acts of its employee arising out of an automobile accident. On July 7, 1995, Rust removed the action to this court pursuant to 28 U.S.C. § 1441(a) contending that this court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. On July 26, 1995, the Hoggs filed their Motion to Remand claiming that this court does not have jurisdiction because the amount in controversy does not exceed $50,000.
To support their motion, the Hoggs offer two affidavits by local attorneys and various documents relating to (1) medical expenses incurred by Joyce Hogg, (2) time absent from work, and (3) costs of automobile repair. In each affidavit, the affiants state that based on their legal experience and review of the documents provided by the Hoggs' counsel, the Hoggs' damages were less than $50,000. The affiants also based their conclusions on their observations that the Plaintiffs' petition did not plead gross negligence. The documents attached to the Hoggs' motion indicate that at the time of removal Joyce Hogg's damages were approximately $3,896.69. The Hoggs' discovery disclosure, which is attached to Plaintiffs' Supplement to the Motion to Remand, states that their damages are $24,866.69 (including $20,000 for pain and suffering, mental anguish, and physical impairment).
In response, Rust argues that at the time of removal the Hoggs' damages appeared to exceed $50,000 based on the limited information that Rust had at the time of removal. Rust relied on the Hoggs' petition, which stated: "As a result of the negligent conduct of Defendant, Plaintiffs suffered injuries. Plaintiff JOYCE HOGG has also suffered pain, suffering, anguish, property losses, medical expenses, all past and future." Pls.' Original Pet. at 3. In their petition, the Hoggs did not state a specific amount of damages because Texas Rule of Civil Procedure 47(b) prohibits a plaintiff from specifying an amount of damages if the claim is unliquidated. Rust also offers the affidavit of a claims examiner who presumably works for Rust's insurer. The claims examiner states that prior to the filing of the Hoggs' Motion to Remand, the Hoggs' counsel refused to provide medical records to Rust. The claims examiner also states that the Hoggs' counsel advised her that Joyce Hogg was treated in the hospital emergency room, was wearing a cervical collar, and was being treated by three different physicians. The claims examiner further states that the Hoggs' counsel indicated that an expert had been retained to review the accident. According to the claims examiner, the Hoggs' counsel refused to provide accident scene photographs, statements, or other documents. To further support Rust's decision to remove, Rust argues that the Hoggs' allegation of neck injury indicated substantial damages. Rust directs the court to Istre v. Port Iron & Supply Co., No. 1:90CV347 (E.D.Tex. Oct. 29, 1991), in which $1.7 million in compensatory damages were awarded for neck injuries.

DISCUSSION
The issue for determination is whether this case should be remanded because the amount in controversy requirement for diversity jurisdiction was not met at the time of removal. A district court may exercise removal jurisdiction over an action if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). A district court has original jurisdiction if there is complete diversity and the amount in controversy exceeds $50,000. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing the basis for jurisdiction. Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A. ("ANPAC"), 988 F.2d 559, 563 (5th Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). Jurisdiction is assessed only at the time of removal. See id. at 564-65. "[P]laintiffs cannot *657 avoid federal jurisdiction by later stipulating to an amount of damages below the jurisdictional minimum." Id. at 564 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938)).
The Fifth Circuit has recently defined the standard for determining whether removal was proper in cases in which the parties dispute whether the amount in controversy requirement was met. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-13 (5th Cir.), petition for cert. filed, 64 U.S.L.W. 3069 (1995). Removal is proper if (1) the defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount and (2) the plaintiff "has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." Id. at 1412. "The defendant must produce evidence that establishes that the actual amount in controversy exceeds $50,000." Id. at 1412. Once the defendant makes this showing, removal is proper unless the plaintiff shows that it is legally certain that his recovery will not exceed the jurisdictional minimum. The plaintiff can make this showing by either (1) citing a state statute that limits the plaintiff's recovery to below the federal amount in controversy minimum or (2) filing a binding stipulation or affidavit with its complaint stating that the plaintiff will not seek an amount in damages that meets or exceeds the amount in controversy minimum. Id. at 1412. The Fifth Circuit put this burden on the plaintiff to prevent "abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." Id. at 1410.
Rust has shown by a preponderance of the evidence that at the time of removal the amount in controversy exceeded $50,000. Although the Hoggs' petition did not specify the amount of damages for "pain, suffering, anguish, property losses, medical expenses, all past and future," the Hoggs' counsel indicated that the damages may be substantial. The Hoggs' counsel stated to the claims examiner that Joyce Hogg was treated in the hospital emergency room, was wearing a cervical collar, and was being treated by three different physicians. Moreover, these types of injuries can require extensive and costly medical treatment. Rust directs the court to Istre v. Port Iron & Supply Co., No. 1:90CV347 (E.D.Tex. Oct. 29, 1991), in which $1.7 million in compensatory damages were awarded for neck injuries. While this is perhaps an extreme example, it does illustrate a real potential for damages to exceed $50,000. Rust's evidence in favor of removal is even more compelling considering that Rust's counsel had to make the decision to remove based solely on the petition and the communications with the Hoggs' counsel. At the time of removal, the Hoggs' counsel refused to produce any information concerning damages to Rust. Aff. of Cyn-Dee Jones at 1.
The Hoggs attempt to controvert Rust's evidence with two affidavits by local attorneys and various documents relating to (1) medical expenses incurred by Joyce Hogg, (2) time absent from work, and (3) costs of automobile repair. To determine whether removal was proper, a court can consider affidavits to "clarify" a petition that leaves the jurisdictional question ambiguous. ANPAC, 988 F.2d at 565. But a plaintiff cannot change its damage request because "postremoval events cannot deprive a court of jurisdiction once it has attached." Id. at 565 (citing St. Paul Mercury, 303 U.S. at 292, 58 S.Ct. at 592). Rather than "clarifying" their petition or any other jurisdictional fact existing at the time of removal, the Hoggs attempt to limit their damages by offering, for the first time, documents and affidavits that purport to show damages well below the jurisdictional minimum. The documents now offered by the Hoggs were in existence at the time the Hoggs sued Rust, but the Hoggs refused to provide this information to Rust. This court cannot consider this information as part of its determination as to whether removal was proper when Rust sought and was refused the same information when attempting to make a removal determination. Moreover, the court is limited to "jurisdictional facts as of the time the case is removed" *658 when determining whether removal was proper. Id. at 565 (emphasis in original). The Hoggs' documents and related affidavits cannot be considered jurisdictional facts "as of the time" of removal when those facts were intentionally secreted at the time of removal. The Fifth Circuit has recently warned that the "plaintiff must make all information known at the time he files the complaint." De Aguilar, 47 F.3d at 1412.
To the extent that the Hoggs' affidavits clarify the petition by reference to disclosed circumstances or other jurisdictional facts as of the time of removal, the court can take those portions of the affidavits into consideration. For example, the Hoggs' affiants note that the Hoggs' petition does not plead gross negligence, and thus the affiants claim that the Hoggs' damages do not meet the federal jurisdictional minimum. While this fact is some evidence that the Hoggs' damages may not reach the requisite amount in controversy, this evidence is substantially outweighed by (1) Rust's showing of the other expansive claims made by the Hoggs in their petition and (2) the statements made by the Hoggs' counsel concerning the seriousness of Joyce Hogg's injuries. Accordingly, this court finds that Rust has shown by a preponderance of the evidence that at the time of removal the amount in controversy exceeded $50,000.
Having found that Rust has established that the amount in controversy exceeded $50,000, the court must consider whether the Hoggs have shown that it is legally certain that their recovery will not exceed the jurisdictional minimum. The Hoggs are required to make this strict showing to prevent any abuse that may occur from obtaining a remand and then subsequently seeking damages in excess of $50,000. The Hoggs, however, did not (1) cite a state statute that limits their recovery to below the federal amount in controversy minimum or (2) file a binding stipulation or affidavit with their complaint stating that they will not seek an amount in damages that meets or exceeds the federal amount in controversy requirement. In De Aguilar, the court did indicate that a plaintiff may satisfy its burden by other means. De Aguilar, 47 F.3d at 1412. But the Hoggs have not used any other satisfactory means to indicate with any certainty the extent of their damages, particularly the damages arising from the neck injuries to Joyce Hogg. Considering the Hoggs' affidavits only to the extent that they clarify jurisdictional facts, the court finds that the affidavits do not make legally certain that the Hoggs' claim will never exceed $50,000.

CONCLUSION
Considering the information that Rust had at the time of removal, Rust made a reasonable, good faith determination that damages would exceed $50,000. Rust has shown by a preponderance of the evidence that at the time of removal the amount in controversy exceeded $50,000. Accordingly, the action was properly removed, and this court has removal jurisdiction over the action pursuant to 28 U.S.C. § 1441(a). Therefore, Plaintiffs' Motion to Remand is DENIED.