Mr. David WILLIAMS and Mrs.
Shauneen Williams,
Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant.

Civil Action No. H–95–1665.

United States District Court,
S.D. Texas,
Houston Division.

Dec. 5, 1995.

**470**

Steven E. Couch, Kelly Sutter Mount & Kendrick PC, Houston, TX, for plaintiffs.

Bruce Davidson Oakley, Bracewell & Patterson, Houston, TX, for defendant.

## ORDER DENYING MOTION TO REMAND

ATLAS, District Judge.

The Court has considered **Plaintiffs' Motion to Remand** [Instrument # 4], the Brief submitted in support thereof, the Defendant's Response to Plaintiffs' Motion to Remand, Plaintiffs' Reply, and the parties' supplemental briefing, as well as applicable authorities. The Court concludes that Defendant has sustained its burden to demonstrate the Court has jurisdiction, since it does not appear to a legal certainty that the amount in controversy is $50,000 or less.

Plaintiffs David and Shauneen Williams, husband and wife, filed their Original Petition in State Court, specifically County Civil Court at Law No. 1. Defendant State Farm Mutual Automobile Insurance Company timely removed the case to this Court, *see* 28 U.S.C.A. § 1441 (West 1994), relying on "diversity jurisdiction" pursuant to 28 U.S.C.A. § 1332 (West 1993). The Court may maintain jurisdiction only if there is complete diversity between the parties and the "mat-ter in controversy" exceeds the sum of $50,-000. 28 U.S.C.A. § 1332.

The parties do not dispute that the removal was timely and that there is diversity of citizenship between them. *See* 28 U.S.C.A. § 1446 (West 1994). They join issue as to whether the claims of each Plaintiff meet the requirement of 28 U.S.C.A. § 1332 that the "amount in controversy" exceed $50,000.

Defendant contends in its Motion that the allegations in Plaintiffs' Original Petition ("Petition") demonstrates that well more than $50,000 is sought and is in issue. Plaintiffs contend, in an interesting reversal of roles, that "this is a small case where the out-of-pocket expenses, even if combined, are less than $7,000.00,"[1] and that "[t]his case has no business further congesting the docket of this Court."[2] Plaintiffs further contend that the Petition does not specify any damage figures and the Court should defer to Plaintiffs' counsel's affidavit filed in connection with the Motion to Remand as an attempt to clarify the damages sought. Plaintiffs' Brief, at 4.

A review of the pleadings is necessary. Plaintiffs allege in their Petition that Defendant failed to notify them that their automobile insurance had been allowed to expire or was canceled. In a telephone conversation, a State Farm representative allegedly suggested to Mrs. Williams that the automobile policy was still in effect and would continue, unlike a truck policy Plaintiffs had previously purchased. As to the truck insurance, Defendant had sent a letter explaining that, upon expiration, the policy needed to be rewritten in Texas. Petition, at III.

Plaintiffs were in a car accident one day after this telephone call. It turns out that Plaintiffs' automobile policy had expired weeks before the phone call. Plaintiffs allege that they never received any warning of this fact and, indeed, that Defendant had neither sent nor told them anything to alert them to the expiration. Petition, at III. The necessary car repairs totaled $6,978.91. *Id.*

---

1. Plaintiffs' Brief in Support of Their Motion to Remand [Instrument # 5] ("Plaintiffs' Brief") at 4.

2. Plaintiffs' Reply to State Farm's Response to Plaintiffs' Motion to Remand [Instrument # 7] (Plaintiffs' Reply), at 1.

Plaintiffs assert claims under "theories of negligence, gross negligence, fraud, misrepresentation and breach of contract." There are allegations that Defendant made representations with knowledge of their falsity or in reckless disregard of the truth, which were relied upon by the Plaintiffs. There are also allegations of breach of contract and breach of the duty of good faith and fair dealing. Petition, at IV.

▮ The Plaintiffs in their Petition claim they "are entitled to recover and seek recovery of":

(1) "actual damages in the approximate amount of $6,978.91";

(2) "together with extreme mental anguish"; and

(3) "exemplary or punitive damages in an amount not to exceed $75,000.00" for the gross negligence and knowing or reckless conduct.

Petition, at V. In the "WHEREFORE" paragraph summary, Plaintiffs "respectfully pray ... that they recovery [sic] actual damages as set forth above, punitive or exemplary damages, all costs of Court and such other relief to which they may show themselves to be justly entitled." *Id.*

Nevertheless, Plaintiffs' counsel has filed an affidavit in support of Plaintiffs' Motion in which he states: "Neither Mr. David Williams nor Mrs. Shauneen Williams suffered a loss greater than $50,000.00 as a result of the accident and wrongful conduct specified and set forth in Plaintiffs' Original Petition ...". Affidavit of Steven E. Couch (Exhibit A to Plaintiffs' Motion to Remand). Plaintiffs rely on this affidavit as specification of the value of their mental anguish damages. Plaintiffs' Brief, at 3–4. Counsel

did not state the amount Plaintiffs will seek at trial for all the compensatory and punitive damages they claim. Nor does the record reflect any legal limitations on the sum Plaintiffs are allowed to ask from the jury.

▮ The Court must evaluate the remand motion under the following procedure: The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir.1995) (*citing Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 253–54 (5th Cir.1961)). When the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if alleged in good faith. *Allen,* 63 F.3d at 1335 (*citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)). In a case in which the plaintiff fails to specify the amount in controversy, or in a case in which the plaintiff pleads less than the jurisdictional amount, the defendant may establish by a preponderance of the evidence that the amount in controversy exceeds $50,000. *Allen,* 63 F.3d at 1335 & n. 14 (*citing De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993) (*"De Aguilar I"*) and *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1410–12 (5th Cir. 1995) (*"De Aguilar II"*)).[3] In order for a court to refuse jurisdiction, "it [must] appear *to a legal certainty* that the claim is really for less than the jurisdictional amount." *Allen,* 63 F.3d at 1335 (emphasis added; internal quotation marks omitted).

▮ Removal may not be based simply upon conclusory allegations. *Allen,* 63 F.3d at 1335 (*citing Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir.1992)). It has been the longstanding rule that the "jurisdictional

---

3. In a case in which the plaintiff pleads *less* than the jurisdictional amount, he can generally bar the defendant from removing the case. *Allen,* 63 F.3d at 1335. The Court of Appeals has recognized that this rule may allow plaintiffs to manipulate federal jurisdiction if their pleadings do not limit the actual damages they may ultimately collect, as in Texas. *De Aguilar II,* 47 F.3d at 1410. Thus the Court set out a procedure whereby "if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at

the time of removal he was *legally certain* not to be able to recover that amount." *Allen,* 63 F.3d at 1335 n. 14 (emphasis added). In essence, once defendant shows that plaintiff's claims are of the type that "are worth more than $50,000, they can be removed unless the plaintiff can show he is *legally bound to accept less." Id.* (emphasis added). Plaintiffs here cannot avail themselves of this process, however, because their Petition contains allegations of damages that are reasonably construed to total more than $50,000 for each Plaintiff.

facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Allen,* 63 F.3d at 1335 (*citing Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia ("ANPAC") v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993)). The Court of Appeals has directed that the district court is to look at the face of the complaint and determine whether the amount in controversy exceeds $50,000. If the amount is not facially apparent from the complaint, the district court may require the parties to submit "summary-judgment-type evidence" relevant to the amount in controversy at the time of the removal. *Allen,* 63 F.3d at 1336. Among other things, the Court may bring "common sense" to bear in making the amount in controversy determination. *Id.*

 Plaintiffs seem to acknowledge that their claim of $6,978.91 in damages was jointly suffered. Plaintiffs' Brief, at 3. Both plaintiffs are seeking to enforce a "single title or right in which they have in common and undivided interest." *Allen,* 63 F.3d at 1330 (citations and internal quotation marks omitted). Therefore, this full sum is counted against each Plaintiff in the jurisdictional amount calculation.

 Treatment of the "soft damages" alleged by Plaintiffs, *i.e.,* "extreme mental anguish," poses a different issue since there is no allegation *in the Petition* of any sum of money lost or suffered. Plaintiff's counsel's post-removal affidavit may address this in some measure when he states that neither of the Plaintiffs has "suffered a loss greater than $50,000.00 as a result of the accident and wrongful conduct [of the Defendant]."[4] This statement, if anything, tends to suggest that Plaintiffs will seek $50,000 for their "loss" or suffering, which ordinarily is con-

strued to include out-of-pocket damages and the mental anguish suffered by each Plaintiff, but not punitive damages. Indeed, the term "loss", as a matter of law in Texas, does not pertain to punitive or exemplary damages. *See Transportation Insurance Co. v. Moriel,* 879 S.W.2d 10, 16–17 (Tex.1994).

In their Petition, Plaintiffs also allege "exemplary or punitive damages in an amount not to exceed $75,000."[5] Petition, at V. This would in itself appear to end the discussion under the *Allen* analysis. However, Plaintiffs now argue that the amount of damages they each seek is less than $50,000 because the punitive damages figure in the Petition was an outer limit and, in any event, it must be divided by two. Plaintiffs' Reply, at 2.

The Court of Appeals held in *Allen* that, under Mississippi law, punitive damages allegations would be counted against *each* plaintiff's required jurisdictional amount. *Allen,* 63 F.3d at 1335. The analysis applies equally to punitive damages under Texas law. *Id.* at 1332 n. 10. The Court of Appeals' reliance on the phrase, "[p]unitive damages punish," *id.* at 1332, and the observation by the United States Supreme Court that punitive damages are not intended to compensate, but rather to "punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct," *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 266–67, 101 S.Ct. 2748, 2759, 69 L.Ed.2d 616 (1981), reflect the longstanding view of the Texas courts. *E.g., Estate of Moore v. Commissioner,* 53 F.3d 712, 715–16 (5th Cir.1995) (under Texas law, punitive damages have no compensatory purpose); *Moriel,* 879 S.W.2d at 16–17. Therefore, the Court must attribute the amount of punitive damages alleged by Plaintiffs to each of them individually when calculating the jurisdictional amount alleged.[6]

---

4. Affidavit of Steven E. Couch (Exhibit A to Plaintiffs' Motion to Remand).

5. The claims asserted by Plaintiffs for punitive damages distinguish this case from many in which a low dollar figure is alleged as the only damages.

6. In their Memorandum of Law in Support of Motion to Remand [Doc. # 12] ("Plaintiffs' Memorandum"), Plaintiffs misread the statutory language regarding Texas' punitive or exemplary damages cap when they argue that their damages are limited to four times their actual damages, which they calculate as $14,000. The statute provides that exemplary damages may not ex-

■ Moreover, Plaintiffs, while not alleging a sum certain, chose to include the figure of $75,000 in relation to their punitive damages claim. Plaintiffs cannot conveniently ignore or disclaim their own pleadings of record. Their allegation seeking punitive damages "not to exceed $75,000" must be given some force in this jurisdictional analysis. Indeed, since Plaintiffs have named an amount of damages in excess of the jurisdictional amount, and there is no evidence or argument that this amount was not alleged in good faith, this amount will control the analysis. *See Allen,* 63 F.3d at 1335. At the very least, Plaintiffs' pleading can fairly be read to indicate that when the case was filed, Plaintiffs intended to set $75,000 as the upper "ballpark" for a punitive damage recovery.[7]

The Court therefore construes the $75,000 punitive damages allegation as a plea for a sum in excess of the jurisdictional amount of the district court. This Court has no crystal ball to permit any prediction of the outcome of this case after discovery and trial, and understands that claims of the nature alleged in the Petition infrequently result in jury awards of actual damages of $50,000 plus punitive damages for a full $75,000.[8] However, the inquiry here is the amount Plaintiffs have put into controversy by their Petition. Notwithstanding Plaintiffs' belated contentions to the contrary, nothing in the record indicates that Plaintiffs are legally bound to accept less than $50,000, if awarded. Thus, the Court cannot find to a "legal certainty" that Plaintiffs can recover $50,000 or less, so as to deprive the Court of jurisdiction despite the allegations in Plaintiffs' own Petition.

Finally, even if the Petition were deemed to lack an allegation of a sum certain and the alternative analysis set forth in *Allen* were required, the record submitted in connection with the remand motion reinforces the Court's conclusion that it has jurisdiction over this case. A preponderance of the evidence construed in the light most favorable to the Plaintiffs supports the finding that Plaintiffs have put more than $50,000 into controversy. Indeed, even if, despite *Allen* and the other case law cited in this opinion, this Court were to add the punitive damage figure as argued by Plaintiffs ($37,500, *i.e.,* half of the $75,000 pled) to the $7,000 out-of-pocket claim, plus some sum for "extreme mental anguish" (which at best in light of Plaintiff's counsel's affidavit could be construed to be half of the non-out-of-pocket "losses", *i.e.,* half of $43,000, which is $21,500), the total claim per Plaintiff would exceed $50,000. It is therefore

ORDERED that the Plaintiffs' Motion to Remand is **DENIED.**

---

ceed "four times the amount of actual damages or $200,000, *whichever is greater.*" Tex.Civ.Prac. & Rem.Code § 41.007 (emphasis added). The Court notes that this provision was amended by the Texas legislature in its 1995 regular session in ways not here material. 1995 Tex.Sess. Law Serv. ch. 19 (S.B. 25) (Vernon). In any event, the pre-amendment language is controlling here since this suit was filed prior to the amendment.

7. Even if Plaintiffs' punitive damage allegation were deemed an outer limit of recovery sought for punishment, it is a limit substantially in excess of the $50,000 jurisdictional minimum of this Court. Plaintiffs' post-remand motion "clarification" of the amount in controversy through counsel's affidavit is insufficient to deprive this Court of jurisdiction. A plaintiff, the "master of

his complaint" before the time of removal, *Allen,* 63 F.3d at 1335, cannot by belated *informal* amendment to the complaint seek to indicate a willingness to limit damages for jurisdictional purposes and thus divest the Court of jurisdiction. *Id.* at 1336; *St. Paul Mercury,* 303 U.S. at 292, 58 S.Ct. at 591 (post-removal events cannot deprive a court of jurisdiction once it has attached).

8. *See* Plaintiffs' Memorandum, at 3–4 (Plaintiffs state that "it must be recognized that it will be difficult for the Williams to obtain a recovery of punitive damages," and that "it is highly unlikely that damages awarded in this case will reach the jurisdictional amount required for this Court's jurisdiction").