Mary BOURNE, Plaintiff,

v.

WAL–MART STORES, INC. and Renee
Berryhill, Defendants.

Civil Action No. 1:08–CV–367.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 10, 2008.

Gilbert T. Adams, Jr., Alto V. Watson, III, Law Offices of Gilbert T. Adams, Beaumont, TX, for Plaintiff.

Gordon R. Pate, Karen Lee Spivey, Pate & Spivey LLP, Beaumont, TX, for Defendants.

## MEMORANDUM AND ORDER

MARCIA A. CRONE, District Judge.

Pending before the court is Plaintiff Mary Bourne's ("Bourne") Motion to Remand (# 7). Bourne seeks remand to state court of her action against Defendants Wal–Mart Stores, Inc. ("Wal–Mart") and Renee Berryhill ("Berryhill") (collectively, "Defendants"), on the grounds that Berryhill is a properly joined defendant and her presence in the lawsuit, as a resident and citizen of the State of Texas, defeats diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). Additionally, Bourne claims that the amount in controversy does not exceed $75,000.00, thereby depriving this court of subject matter jurisdiction. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is not warranted.

### I. Background

On May 29, 2008, Bourne filed her Original Petition in the 58th Judicial District Court of Jefferson County, Texas, asserting claims for negligence and breach of warranty. In her petition, Bourne alleges that on or about September 13 or 14, 2007, she was shopping with her daughter in a Wal–Mart store when she "slipped in what she later learned to be a hand-held shopping basket which was previously placed on the floor" of a checkout aisle. At the time of the incident, Berryhill was the assistant manager of the Wal–Mart store. Bourne contends Defendants' negligence created an unreasonable risk of harm and proximately caused her injuries. Specifically, Bourne avers that Defendants knew or should have known that the hand-held shopping basket was on the floor of the checkout aisle, yet failed to exercise reasonable care to alert and protect Bourne from the hazard. Bourne alleges that, as a result of Defendants' negligence, she suffered "serious, continual and permanent physical injury, loss of good health and damages." Accordingly, Bourne seeks compensatory damages for reasonable and necessary costs of medical care and treatment of injuries, loss of past and future earnings, past and future physical pain, mental anguish, past and future physical impairment, past and future physical disfigurement, as well as court costs, and pre-judgment and post-judgment interest.

Bourne also seeks to recover exemplary and punitive damages.

On July 2, 2008, Wal–Mart removed the case from state court to federal court on the basis of diversity jurisdiction, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1] It is undisputed that Bourne is a citizen and resident of the State of Texas and that Wal–Mart is a Delaware corporation, with its principal place of business in the State of Arkansas. Wal–Mart asserts that Berryhill should be dismissed as a party to this action and her citizenship disregarded for jurisdictional purposes because she was fraudulently joined. Additionally, Wal–Mart contends that based on the damages Bourne seeks to recover, it is apparent from the face of the Original Petition that the amount in controversy exceeds $75,000.00. On July 14, 2008, Bourne filed the instant motion to remand, contending that Berryhill was properly joined and the amount in controversy does not exceed $75,000.00. Accordingly, Bourne asserts that federal jurisdiction is lacking.

## II. *Analysis*

### A. *Federal Jurisdiction in Removed Actions*

■ " 'Federal courts are courts of limited jurisdiction.' " *Rasul v. Bush,* 542 U.S. 466, 489, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)); *accord Johnson v. United States,* 460 F.3d 616, 621 n. 6 (5th Cir.2006); *McKee v. Kansas City S. Ry. Co.,* 358 F.3d 329, 337 (5th Cir.2004); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151

L.Ed.2d 377 (2001). " 'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.' " *Rasul,* 542 U.S. at 489, 124 S.Ct. 2686 (quoting *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery,* 243 F.3d at 916 (citing *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673); *see also Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir.2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 571, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004); *McDonal v. Abbott Labs.,* 408 F.3d 177, 182 (5th Cir.2005).

■ When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002); *accord DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006); *In re Hot–Hed Inc.,* 477 F.3d 320, 323 (5th Cir.2007); *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir.2005); *Boone,* 416 F.3d at 388; *Garcia v. Koch Oil Co. of Tex. Inc.,* 351 F.3d 636, 638 (5th Cir.2003); *Howery,* 243 F.3d at 919. "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp. Chem. Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981); *accord*

---

**1.** Defendants were served with Plaintiff's Original Petition on June 9, 2008. Accord-

ingly, the Notice of Removal was timely. *See* 28 U.S.C. § 1446(b).

*Smith v. Baker Hughes Int'l Branches, Inc.,* 131 F.Supp.2d 920, 921 (S.D.Tex. 2001). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila,* 542 U.S. 200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir.1997); *see* 28 U.S.C. § 1441(a). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 281–82 (5th Cir.2007); *In re Hot–Hed Inc.,* 477 F.3d at 323; *Bosky v. Kroger Tex., LP,* 288 F.3d 208, 211 (5th Cir.2002); *Beiser v. Weyler,* 284 F.3d 665, 674 (5th Cir.2002); *Manguno,* 276 F.3d at 723.

 Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005); *McDonal,* 408 F.3d at 181; *Howery,* 243 F.3d at 914–15; *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir.2000). In order to determine whether jurisdiction is present in a re-

moved action, the claims set forth in the state court petition are considered as of the date of removal. *See Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 391, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); *McGowin v. ManPower Int'l, Inc.,* 363 F.3d 556, 558 n. 1 (5th Cir.2004); *Manguno,* 276 F.3d at 723; *Howery,* 243 F.3d at 916; *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir.2000); *Texas Beef Group v. Winfrey,* 201 F.3d 680, 686 (5th Cir.2000). In removed cases when, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.,* 546 U.S. at 89, 126 S.Ct. 606; *Exxon Mobil Corp.,* 545 U.S. at 552, 125 S.Ct. 2611; *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); *Heritage Bank v. Redcom Labs., Inc.,* 250 F.3d 319, 323 (5th Cir.), *cert. denied,* 534 U.S. 997, 122 S.Ct. 468, 151 L.Ed.2d 384 (2001); *Gebbia,* 233 F.3d at 882. Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp.,* 545 U.S. at 552, 125 S.Ct. 2611; *Caterpillar Inc.,* 519 U.S. at 68, 117 S.Ct. 467; *Heritage Bank,* 250 F.3d at 323; *Howery,* 243 F.3d at 920. Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants are citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.,* 546 U.S. at 89, 126 S.Ct. 606; *Gasch,* 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 531–32 (5th Cir.2006).

### B. Fraudulent Joinder

 In the case at bar, although there is no dispute that Plaintiff Bourne and Defendant Wal–Mart are citizens of different states, Bourne asserts that com-

plete diversity is lacking because Berryhill, like Bourne, is a citizen of Texas.[2] Therefore, to establish the existence of diversity jurisdiction, Defendants must show that Berryhill was improperly or fraudulently joined as a defendant to this action. *See Guillory,* 434 F.3d at 307–08; *Crockett,* 436 F.3d at 532; *Hawthorne Land Co. v. Occidental Chem. Corp.,* 431 F.3d 221, 224–25 (5th Cir.2005), *cert. denied,* 549 U.S. 811, 127 S.Ct. 48, 166 L.Ed.2d 20 (2006); *Heritage Bank,* 250 F.3d at 323; *Hart,* 199 F.3d at 246. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *See Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004), *cert. denied,* 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). "The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995); *accord Gasch,* 491 F.3d at 281; *Larroquette v. Cardinal Health 200, Inc.,* 466 F.3d 373, 376 (5th Cir.2006); *Holder v. Abbott Labs., Inc.,* 444 F.3d 383, 387 (5th Cir.2006); *Guillory,* 434 F.3d at 308–09; *McDonal,* 408 F.3d at 183; *Melder v. Allstate Corp.,* 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood,* 385 F.3d at 573; *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). The Fifth Circuit has held that there is no difference between the terms "improper joinder" and "fraudulent joinder" in the context of removal jurisdiction. *See Smallwood,* 385 F.3d at 571 n. 1. "The removing party has the burden of establishing improper joinder by showing: Plaintiff['s] inability to establish a claim under state law against the non-diverse defendant; or actual fraud in pleading jurisdictional facts." *Melder,* 404 F.3d at 330; *accord Smallwood,* 385 F.3d at 573.

■ A determination of fraudulent joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995); *Hook v. Morrison Milling Co.,* 38 F.3d 776, 780 (5th Cir.1994). Where the defendant maintains that federal jurisdiction is proper, the court must evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the nonremoving party. *See Ross v. Citifinancial, Inc.,* 344 F.3d 458, 462–63 (5th Cir.2003), *cert. denied,* 546 U.S. 813, 126 S.Ct. 335, 163 L.Ed.2d 48 (2005); *Travis,* 326 F.3d at 649; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002); *Hart,* 199 F.3d at 246; *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999).

■ In the instant case, because Defendants do not claim actual fraud in Bourne's pleadings, they must demonstrate that there is no possibility that Bourne could establish a cause of action against Berryhill. *See Gasch,* 491 F.3d at 281; *Larroquette,* 466 F.3d at 374; *Holder,* 444 F.3d at 387; *Guillory,* 434 F.3d at 308; *Melder,* 404 F.3d at 330; *Smallwood,* 385 F.3d at 573; *Travis,* 326 F.3d at 648; *Great Plains Trust Co.,* 313 F.3d at 312; *Hart,* 199 F.3d at 246. "In evaluating a

**2.** Bourne also contends that the amount in controversy does not exceed $75,000.00.

claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997), *cert. denied,* 523 U.S. 1072, 118 S.Ct. 1511, 140 L.Ed.2d 665 (1998); *see Guillory,* 434 F.3d at 308–09; *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.,* 99 F.3d 746, 751 (5th Cir.1996); *Burden,* 60 F.3d at 216. " 'If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham ... and is not fraudulent in fact or in law.' " *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 550 (5th Cir.1981) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski,* 391 F.2d 172, 177 (5th Cir.1968)); *accord Travis,* 326 F.3d at 647. "This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co.,* 313 F.3d at 312 (citing *Badon v. RJR Nabisco Inc.,* 236 F.3d 282, 286 n. 4 (5th Cir.2000)); *accord Boone,* 416 F.3d at 388; *Gray ex rel. Rudd v. Beverly Enters.–Miss., Inc.,* 390 F.3d 400, 405 (5th Cir.2004); *Travis,* 326 F.3d at 648. " 'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder,' " and the case must be remanded for lack of diversity. *Great Plains Trust Co.,* 313 F.3d at 312 (quoting *Badon,* 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 816 (5th Cir.), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993))); *see Gray,* 390 F.3d at 402; *Smallwood,* 385 F.3d at 589–90; *Sid Richardson Carbon & Gasoline Co.,* 99 F.3d at 751.

In assessing whether a plaintiff could possibly establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought—in this case, Texas. *See Travis,* 326 F.3d at 647; *Hart,* 199 F.3d at 247. "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs,* 181 F.3d at 701; *see Burden,* 60 F.3d at 218–21. Here, in her state court petition, Bourne asserts various claims of negligence against the non-diverse defendant, Berryhill. Specifically, Bourne alleges that:

Defendant, RENEE BERRYHILL was negligent in failing to exercise the degree of care that a reasonable and prudent person would have, either singularly or in combination, in at least the following particulars:

1. Failing to properly maintain a safe premises;

2. Failing to train personnel under their charge and responsibility as to proper procedures to prevent and/or eliminate same or similar hazards, risks, dangers and occurrences;

3. Failing to properly and/or adequately supervise personnel;

4. Failing to implement proper safety protocols at her store;

5. Failing to produce and/or retain videotapes, photographs and records of the incident in question;

6. Failing to monitor the checkout lanes;

7. In committing various and other acts and omissions which will be proven at the trial of this cause, and plead [sic] more specifically after Plaintiff has had reasonable opportunity for discovery.

The above and foregoing acts and/or omissions were a proximate cause of your Plaintiff's injuries and damages and were committed and/or omitted by Defendant, their representatives, agents and/or servants *in the course and scope*

*of their agency and/or representation.* (emphasis added).

In her petition, Bourne also alleges that Wal–Mart and Berryhill "actually knew or reasonably should have known of the hazard, risk and danger caused by the presence of the hand-held shopping basket located on the checkout floor area of the store."

In her Motion to Remand, Bourne argues that removal is improper because she has properly stated a cause of action under Texas law against Berryhill. Further, Bourne contends that case law mandates remand of this case because the Fifth Circuit has held that there is a reasonable possibility of recovery against Wal–Mart store managers in premises liability cases.

Bourne's argument rests primarily upon the Fifth Circuit's unpublished opinion in *Valdes v. Wal–Mart Stores, Inc.*, Nos. 97–20179, 97–20610, 1998 WL 648571 (5th Cir. Sept. 4, 1998) (*Valdes I* ). In *Valdes I,* the plaintiff brought a premises liability suit against Wal–Mart and its store manager after she was abducted from a Wal–Mart parking lot and raped. *Id.* at *1. Valdes alleged that, by virtue of defendant's position as general manager, "he owed a separate Texas law duty to store patrons to exercise ordinary care in recognizing, and in taking steps to remedy, those situations and conditions on the store premises ... that posed an unreasonable risk of harm to customers." *Id.* Defendants removed the case to federal district court on the grounds that the store manager was fraudulently joined. *Id.* The district court agreed with the defendants, and Valdes appealed. *Id.* at *6. The Fifth Circuit reversed the district court's decision, holding that "[an] allegation that [the defendant], by virtue of his position as store manager, had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees is sufficient to demonstrate a reason-

able possibility that a Texas court would recognize this duty." *Id.* at *5. In reaching its decision, the Fifth Circuit distinguished *Leitch v. Hornsby,* a Texas Supreme Court case stating that corporate employees have no independent duty to furnish a safe workplace and, thus, cannot be held liable for the corporation's failure to provide a safe workplace. 935 S.W.2d 114, 117 (Tex.1996). In particular, the *Leitch* court stated:

> [I]ndividual liability arises only when the officer or agent [of a corporation] owes an independent duty of reasonable care to the injured party apart from the employer's duty. For example, an agent whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of the employment. Because the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer, individual liability may attach. Thus, unless alter ego is established, corporate officers and agents are subject to personal liability for their actions within the employment context only when they breach an independent duty of care.

*Id.* (internal citations omitted). Ultimately, however, the Fifth Circuit was reluctant to extend *Leitch* to the facts presented, reasoning that "*Leitch* was not a premises case and we cannot say with full confidence that it will be applied outside of the employer-employee context." *Valdes I,* 1998 WL 648571, at *5 n. 6; *see also Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 294 n. 5 (5th Cir.2000) (*Valdes II* ). In accordance with the Fifth Circuit's holding in *Valdes I,* Bourne argues that, under Texas law, there is a reasonable possibility of recovery against Wal–Mart managers in premises liability cases.

In response, Wal–Mart contends that post-*Valdes* Texas case law confirms the application of *Leitch* to invitor-invitee situations, concluding that an employee may be held individually liable for negligence committed in the course of her employment only if she owes an independent duty of care to the claimant that is separate from that of her employer. Defendants claim, therefore, that because Bourne makes no allegations that Berryhill owed her an independent duty of care outside of Wal–Mart's duty, she has no possibility of recovery under Texas law. The court agrees.

The concerns expressed by the Fifth Circuit in *Valdes I* regarding the application of *Leitch* to invitor-invitee cases were recently resolved by the Texas Supreme Court in *Tri v. J.T.T. & M.T.*, 162 S.W.3d 552, 562 (Tex.2005). While *Leitch* held that officers of a corporation may be held individually liable only when they owe an independent duty of reasonable care apart from their employer's duty, *Tri* extends this rule to an invitor-invitee situation. *Id.* at 562; *see also McKinney v. Home Depot, USA, Inc.,* No. 4:06–cv–327–A, 2006 WL 2947324, at *2 (N.D.Tex. Oct. 13, 2006) ("In light of *Tri,* the court is satisfied that the principles of *Leitch* are controlling in this action."); *Pico v. Capriccio Italian Rest., Inc.,* 209 S.W.3d 902, 912 (Tex.App.-Houston [14th Dist.] 2006, no pet.). In *Tri,* two sisters, who were guests of a Buddhist temple in Pomona, California, were sexually assaulted by a monk during their visit. 162 S.W.3d at 554. Following the monk's conviction, the sisters brought a negligence action against Theravada Buddhist Corporation, which owned and operated the temple where the assaults occurred, a Buddhist cultural center located in Houston, Texas, Ho Giac, a clergyman at the Houston-based cultural center, and Chon Tri, an officer of the Theravada Buddhist Corporation and a clergyman at the California temple. *Id.*

After the jury found Tri negligent, the trial court ruled that Tri was acting within the course and scope of his employment with the corporation and held Theravada Buddhist Corporation vicariously liable for Tri's negligence. *Id.* at 562. On appeal, the sisters argued that the trial court should have rendered judgment against Tri individually, while Tri contended that he was not individually liable because he owed no independent duty to the sisters. *Id.* Of significance in the present case, the Texas Supreme Court agreed with Tri, stating:

> The defendants are correct that a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation. Corporations can, of course, only act through individuals. We explained in *Leitch v. Hornsby* when individual liability will be imposed and when it will not. "[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." . . .
>
> The existence of a legal duty is a question of law for the court to decide, and that determination is made "from the facts surrounding the occurrence in question." In the present case, however, we have no facts before us. As already discussed, there is no record before us of what transpired at trial. We cannot determine whether Chon Tri breached a duty that he owed to [the sisters] separate from the duty his employer, the Theravada Buddhist Corp., owed to them. . . . We must presume that the trial court decided that Chon Tri did not owe a duty to the sisters separate and apart from that of his employer and that the facts support that determination because that presumption

838

is in favor of the judgment the trial court rendered.

*Id.* at 562–63 (internal citations omitted). Thus, under the current state of the law in Texas, an employee may not be held individually liable unless she breaches an independent duty of care she owed to the injured party separate from her employer's duty.

The issue of improper joinder, therefore, rests on whether Berryhill had a duty of reasonable care independent from that of Wal–Mart. The court finds that no such duty existed. Despite her arguments to the contrary, noticeably absent from Bourne's Original Petition is any allegation of fact that would support the assertion that Berryhill owed an independent duty of care to her apart from Wal–Mart's duty. Indeed, Bourne's petition refutes the notion of any breach of an independent duty of care by stating that, "Plaintiff's injuries and damages ... were committed and/or omitted by Defendant, their representatives, agents, and/or servants in the course and scope of their agency and/or representation." Thus, because Bourne has failed to demonstrate the existence of any independent duty on the part of the assistant manager, Texas law precludes a finding against Berryhill in her individual capacity. *See McKinney,* 2006 WL 2947324, at *3 (concluding that a store manager was improperly joined because the plaintiff failed to allege that he owed an independent duty to the plaintiff); *Allen v. Home Depot U.S.A., Inc.,* No. SA–04–0CA703XR, 2004 WL 2270001, at *3 (W.D.Tex. Oct. 6, 2004) (noting that despite the plaintiff's assertion that she alleged an independent cause of action against the store manager, the plaintiff also alleged that the store manager was acting in the course and scope of his employment, and thus there was no possibility of recovery); *Palmer v. Wal-Mart Stores, Inc.,* 65 F.Supp.2d 564, 567 (S.D.Tex.1999) (denying plaintiff's motion to remand, and noting that the plaintiff

made no allegations that the store manager owed "her any independent duty or duty of reasonable care, apart from that which his employer owed any store patron"); *see generally Bueno v. Cott Beverages,* No. SA–04–CA–24–XR, 2004 WL 1124927, at *4 (W.D.Tex. Mar. 15, 2004) (finding that when the plaintiff filed suit against his employer and a manager of the company, because the plaintiff alleged that the manager was acting within the scope of his employment, *Leitch* precluded recovery against the manager in his individual capacity). Accordingly, the court concludes that because there is no possibility that Bourne can recover against Berryhill in her individual capacity, Berryhill was improperly joined. Thus, Berryhill is dismissed as a defendant to this action.

### C. *Amount in Controversy*

The parties in this matter also dispute whether the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. The state court petition is usually consulted to determine the amount in controversy, and the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *See Danial v. Daniels,* 162 Fed.Appx. 288, 290 (5th Cir.2006) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)); *Manguno,* 276 F.3d at 723 (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998)); *De Aguilar v. Boeing Co. ("De Aguilar II"),* 47 F.3d 1404, 1408 (5th Cir.), *cert. denied,* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995) (citing *St. Paul Mercury Indem. Co.,* 303 U.S. at 288, 58 S.Ct. 586). Texas law prohibits plaintiffs from pleading for specific amounts in cases of unliquidated damages. *See* Tex.R. Civ. P. 47; *De Aguilar II,* 47 F.3d at 1410. Therefore, when the petition does not specify the amount in controversy, removal is proper if the removing party establishes

by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003); *Manguno*, 276 F.3d at 723; *Gebbia*, 233 F.3d at 882; *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Greenberg*, 134 F.3d at 1253.

"This requirement is met if: (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (citing *Simon*, 193 F.3d at 850); *accord Garcia*, 351 F.3d at 639; *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir.2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634, 155 L.Ed.2d 486 (2003); *Hartford Ins. Group v. Lou–Con, Inc.*, 293 F.3d 908, 910 (5th Cir.2002); *Gebbia*, 233 F.3d at 882–83. Unless it is apparent from the petition that the amount in controversy exceeds $75,000.00, the defendant may not rely on mere conclusory allegations in the notice of removal to satisfy its burden. *See Felton*, 324 F.3d at 774; *Simon*, 193 F.3d at 850–51. Rather, the defendant "ha[s] an affirmative burden to produce information, through factual allegations or an affidavit" that is sufficient to demonstrate the requisite jurisdictional amount. *Id.* at 851; *see Garcia*, 351 F.3d at 638; *Grant*, 309 F.3d at 869.

If it is facially apparent that the amount in controversy likely exceeds $75,000.00 or if the defendant produces sufficient evidence that the jurisdictional amount is satisfied, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount...." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289, 58 S.Ct. 586; *see Grant*, 309 F.3d at 869; *Manguno*, 276 F.3d at 724; *Allen v.*

*R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar II*, 47 F.3d at 1412. "In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [$75,000.00], they can be removed unless the plaintiff can show he is legally bound to accept less." *Allen*, 63 F.3d at 1335 n. 14; *accord Randle v. SmithKline Beecham Corp.*, 338 F.Supp.2d 704, 711 (S.D.Miss.2004); *Williams v. State Farm Mut. Auto. Ins. Co.*, 931 F.Supp. 469, 471 n. 3 (S.D.Tex. 1995). The plaintiff "may establish this by identifying a statute, or by filing a binding stipulation, that so limits [her] recovery." *Manguno*, 276 F.3d at 724 (citing *De Aguilar II*, 47 F.3d at 1412); *accord Hogg v. Rust Indus. Cleaning Servs., Inc.*, 896 F.Supp. 655, 657 (E.D.Tex.1995). The Fifth Circuit has "emphasized that 'this is not a burden-shifting exercise'; rather, the 'plaintiff must make all information known at the time he files the complaint.'" *Grant*, 309 F.3d at 869 (quoting *De Aguilar II*, 47 F.3d at 1412).

In the instant matter, Bourne alleges in her original state court petition that she sustained "severe injuries to her arm, hip, side and body generally which have required continuing medical treatment and which are permanent and continuing in nature." Bourne seeks the recovery of damages for:

(1) reasonable and necessary costs of medical care and treatment including doctors, hospitals, nurses, medicine, and other services and supplies in the past and future;

(2) loss of earnings in the past;

(3) loss of earning capacity in the future;

(4) physical pain and suffering, past and future;

(5) mental anguish, not only with regard to the immediate incident as it unfolded, but also with regard to the devastating

impact the incident and injuries have had on her life, and that they will probably have on the remainder of her life, including the loss of enjoyment of life, the anxiety of diminished life enjoyment and freedom of movement, the personal inconveniences, humiliation and embarrassment, and the fear and anxiety associated with the various therapies, medical procedures, and treatment that will in all reasonable probability be necessary to properly treat the Plaintiff in the future;

(6) physical impairment, past and future; and

(7) physical disfigurement, past and future.

Bourne also contends that Defendants "should be held liable in punitive and exemplary damages." In addition, Bourne seeks to recover pre-judgment and post-judgment interest and costs of court.

Defendants argue that "it is apparent from the face of Plaintiff's pleadings that the amount in controversy claimed by Plaintiff allegedly exceeds the Court's minimum jurisdiction." Given the nature of Bourne's alleged damages and a review of other cases involving the same types of allegations, a recovery in excess of $75,000.00 could reasonably be expected. *See Gebbia*, 233 F.3d at 883 (affirming that it was "facially apparent" that the amount in controversy exceeded $75,000.00 based on alleged injuries to wrist, knee, patella, and back and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir.2003) (finding that at the time of removal, it was facially apparent by the "lengthy list of compensatory and punitive damages" sought by the plaintiff that the amount in controversy exceeded $75,000.00); *Belvin*

*v. Home Depot USA, Inc.*, No. 07–1035, 2007 WL 2491428, at *2 (E.D.La. Aug. 30, 2007); *Cordova v. Fleet Source Transp. Servs., Inc.*, No. C–06–349, 2006 WL 2706770, at *3 (S.D.Tex. Sept. 18, 2006); *Lowery v. J.C. Penney Corp., Inc.*, No. 06–1710, 2006 WL 3827527, at *2 (W.D.La. Dec. 28, 2006); *Valizadeh v. Wal–Mart Stores, Inc.*, No. G–05–542, 2005 WL 3262556, at *1 (S.D.Tex. Dec. 1, 2005); *cf. Simon*, 193 F.3d at 851 (commenting that if plaintiff had alleged any damages for emotional distress, functional impairments, or disability, it would have supported a larger monetary basis for federal jurisdiction).

▮ Having found that Defendants have established that the amount in controversy satisfied the $75,000.00 jurisdictional threshold at the time of removal, the court must consider whether Plaintiff has shown that it is legally certain that her recovery will not exceed the jurisdictional minimum. *See Manguno*, 276 F.3d at 724; *Allen*, 63 F.3d at 1335 n. 14; *De Aguilar II*, 47 F.3d at 1412. In Texas, where state law does not prohibit an award of damages in excess of the amount sought in a state court petition, " '[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.' " *De Aguilar II*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)); *see Gebbia*, 233 F.3d at 883; *Allen*, 63 F.3d at 1335. Here, Bourne does not cite a state statute that limits her recovery to an amount below $75,000.00, nor did she file a binding stipulation or affidavit in state court prior to removal attesting that her damages do not exceed $75,000.00. Therefore, because it was apparent at the time of removal that the amount in controversy exceeded $75,000.00, the court concludes that the

amount in controversy requirement was met. Accordingly, Plaintiff's action shall remain in this federal forum.

## III. *Conclusion*

An evaluation of the relevant facts and controlling law reveals that this court has subject matter jurisdiction over this action. Although no federal question is presented, complete diversity of citizenship exists between the parties, as the in-state defendant was improperly joined, and the amount in controversy exceeds $75,000.00. Therefore, this case was properly removed, and remand is not warranted.

Accordingly, Plaintiff's Motion to Remand is DENIED.